S. B. DYER v. J. B. DEMENT.

1. When there is no assignment of errors and no brief for either party, this court is justified ordinarily in dismissing the appeal, for want of prosecution.   But there being material error apparent on the face of the present record, that practice is not applied.
2. On a note for less than one hundred dollars, the plaintiff sued in the

District Court, alleging that the note was given for the purchase-money of land, and therefore he prayed enforcement of the vendor's lien. But, at the trial of the cause, all the evidence concurred in proving that the consideration of the note was not purchase-money of land. *Held*, that the court below should have instructed the jury that there could be no vendor's lien, and, on verdict in accordance with such instruction, the cause should have been dismissed for want of jurisdiction in the District Court.

APPEAL from Rains. Tried below before the Hon. Z. Norton.

The opinion states the case.

No briefs.

OGDEN, J. An appeal was taken in this cause from a judgment of the District Court of Rains county; but no assignment of errors accompanies the transcript, and no briefs have been filed by appellant or appellee, and under the usual practice of this court we would be justified in dismissing the cause for the want of prosecution, and without further notice. But upon examination, we discover an error apparent upon the face of the record, which may have worked great injustice to one of the parties thereto, and which demands a reversal of the judgment.

Suit was instituted upon a promissory note for fifty-nine dollars and sixteen cents, and to foreclose the vendor's lien upon a certain tract of land. The defendant excepted to the petition, and plead to the jurisdiction of the court, because the amount claimed was under one hundred dollars. But there being an allegation in the petition that the note was given in part payment of the purchase-money for land, and a prayer for the foreclosure of the vendor's lien, a question of fact was presented which could legally be decided only by a jury. And that appears to have been almost the only ground of defense relied on.

There were but two witnesses who testified on the trial in

relation to that question. One was the agent of plaintiff, who took the note. He testifies that the plaintiff had previously obtained a judgment against the defendant, in which the vendor's lien was secured, and that the note sued on was given in consideration that plaintiff would hold up the judgment until the 1st of January, 1872. He further testified that in January, 1872, the defendant fully paid off and satisfied the judgment in which the vendor's lien was secured, leaving the note sued on, and which was given in consideration of time on the judgment, unpaid. The testimony of the defendant was the same, excepting he swore that the note sued on was given in consideration that the plaintiff would hold up the execution on the judgment, until January, 1872. He also swore directly and positively that the note was not given for any part of the purchase-money of said land, and that the judgment was paid, principal and interest, in January, 1872.

The foregoing is the substance of all the evidence in support of the allegation that the note was given for the purchase-money of the land in question, and under that evidence, we think the court should have instructed the jury, in clear and positive terms, that there was no evidence whatever to support the allegation and claim of a vendor's lien. And upon the verdict of the jury in response to such an instruction, that the payment of the note sued on was not secured by a vendor's lien upon the land described in plaintiff's petition, the cause should have been dismissed for the want of jurisdiction in the District Court. We are of the opinion that the court erred in its charge to the jury as herein indicated, and that the verdict and judgment are not supported by the law or the facts of the case. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.