## SWEET *v.* PERKINS.

*(Circuit Court, E. D. Wisconsin.* June, 1885.)

PRACTICE—BILL OF EXCEPTIONS, WHEN SETTLED—REV. ST. § 700—LAW RULE 80.
    A bill of exceptions must be prepared and settled before the end of the term at which the cause was tried.

At Law.

*F. L. Gilson,* for the motion.

*F. C. Winkler, contra.*

DYER, J. This is a motion by the plaintiff for leave to settle and file a bill of exceptions preliminary to a removal of the case by writ of error to the supreme court. The action was tried before the court, without the intervention of a jury, June 28, 1883, and a finding and judgment in favor of the defendant were made and entered July 23 of the same year. No steps have been taken by the plaintiff from that time to the present application to make or settle a bill of exceptions, and this application is presented within a short time before the statutory period of two years prescribed for bringing a writ of error will expire. Until the present time the court has had no notice of any purpose on the part of the plaintiff or his counsel to prepare and have settled a bill of exceptions in the cause, and no consent of the defendant to now settle the exceptions has been obtained. The question, therefore, is whether, after this long delay, the application to present a bill of exceptions, and have it settled and signed, should be granted. The only excuse made for this delay is set forth in an affidavit, which is now submitted to the court, and in which it is stated that on the rendition of judgment the plaintiff instructed his attorney then in charge of the case to take the necessary steps to remove it to the supreme court; that the plaintiff is informed and believes that his attorney allowed the term at which the action was tried to pass without taking any steps to settle a bill of exceptions; that his attorney has since died; that he is advised by his present counsel that a bill of exceptions cannot be allowed except by special leave of the court; and that the plaintiff was and is ignorant of the rules and practice of the court in respect to settling a bill of exceptions, and believed that all things had been done in time to perfect a removal of the cause to the supreme court. This affidavit presents no valid excuse for failing to comply with the rule of court and the require-

ments of the practice with reference to the preparation and settlement of a bill of exceptions in the case. Section 700, Rev. St., provides that—

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error, or upon appeal."

Rule 80 of the common-law rules provides that—

"Where exceptions to the opinions of the court are taken by either party on a trial of a cause, or there is a demurrer to evidence interposed, or a special verdict found, the party may be required to prepare his bill of exceptions at the trial, or his demurrer or statement of the evidence, or to put in form the special verdict, or the court will at the request of the parties note the point; and the bill of exceptions, demurrer to evidence, or special verdict shall afterwards be *drawn up, amended, and settled before the end of the term.*"

Thus it will be observed bills of exceptions must be prepared and settled before the end of the term at which the cause was tried. This requirement is imperative, and, as we shall presently see, has been so held by the supreme court.

Attention was called on the argument to the case of *U. S.* v. *Breitling*, 20 How. 252, as sanctioning the exercise of a discretion in favor of allowing a bill of exceptions to be now settled. But the facts in that case, upon which the supreme court allowed a bill of exceptions to stand as a part of the record, were exceptional. The bill of exceptions was signed and sealed a day after the adjournment of the court; and attached to the bill were certain explanations made by the judge, in which he stated that the bill of exceptions was presented during the term, and before the court adjourned. The bill was handed back to counsel by the judge, with the request that he submit it to the opposing counsel. On the third day after this, the minutes of the court were signed, and there was an adjournment of the term. Nothing further was heard from the bill until after the lapse of several days, when it was again presented by the attorney for the party who had originally presented it to the court, with written objections of opposing counsel that it could not be signed after the adjournment of the term. These were the special circumstances of that case, and it was held that those circumstances justified the court in exercising its power to suspend its own rules, and to except the case from the operation of the rule, because the purposes of justice seemed specially to require it. In the opinion of the court, Mr. Chief Justice TANEY said:

"In the case before us the judge who tried the case has deemed it his duty to seal and certify the exception to this court, and, *under the circumstances stated in the exception and the note,* we think he was right in doing so, and that this exception is legally before this court as a part of the record of the proceedings of the court below."

That case was commented upon by the supreme court in the case of *Muller* v. *Ehlers*, 91 U. S. 249. In the last-named case there was a trial by the court at the October term, 1872, and the case was taken under advisement. At the next term, and on the twenty-eighth of April, 1873, the court found for the plaintiff, whereupon the defendants moved for a new trial. That motion was continued until the next term, when, on the fifteenth of July, it was overruled and judgment entered on the finding. On the twenty-fifth of July, 1873, a writ of error was sued out and served, and a *supersedeas* bond was approved and filed. The citation was filed August 4, 1873. Down to that date, as appeared by the record, no bill of exceptions had been signed or allowed, nor time given, either by consent of parties, or by order of the court to prepare one, and in that condition of the case the court adjourned for the term. At the next term, and after the return-day of the writ of error, a bill of exceptions was signed and filed as of the twenty-eighth of April, 1873. Upon this state of facts the court ruled that the bill of exceptions which had been returned could not be considered as part of the record. Mr. Chief Justice WAITE, in delivering the opinion of the court, says:

"It does not appear that the bill of exceptions was filed, signed, tendered for signature, or even prepared before the adjournment of the court for the term at which the judgment was rendered. No notice was given to the plaintiff of any intention on the part of the defendants to ask for the allowance of a bill of exceptions, either during the term or after. No application was made to the court for an extension of time for that purpose. No such extension of time was granted, and no consent given."

This statement of facts meets precisely the facts as we have them in the case at bar. The opinion of the court proceeds as follows:

"Upon the adjournment for the term the parties were out of court, and the litigation there was at an end. The plaintiff was discharged from further attendance, and all proceedings thereafter, in his absence and without his consent, were *coram non judice.* The order of the court, therefore, made at the next term, directing that the bill of exceptions be filed in the cause as of the date of the trial, was a nullity. For this reason, upon the case as it is presented to us, the bill of exceptions, though returned here, cannot be considered as part of the record."

The opinion then proceeds to comment upon *U. S.* v. *Breitling, supra,* and with reference to that case these observations are made:

"There the bill of exceptions was prepared during the term, and presented to the court for allowance four days before the adjournment. It was handed back to the attorney presenting it, three days before the adjournment, with the request that he submit it to the opposing counsel. Delay occurred, and the signature was not actually affixed until after the term. Under the special circumstances of that case the signature after the term was recognized as proper. The particular grounds for this ruling are not stated, but it was probably for the reason that, upon the facts stated, the consent to further time beyond the term for the settling of the exceptions might fairly be presumed. That case went to the extreme verge of the law upon this question of practice, and we are not inclined to extend its operation. \* \* \* As early as *Walton* v. *U. S.* 9 Wheat. 651, the power to reduce exceptions

taken at the trial to form, and to have them signed and filed, was, under ordinary circumstances, confined to a time not longer than the term at which the judgment was rendered. This, we think, is the true rule, and one to which there should be no exceptions without an express order of the court during the term, or consent of the parties, save under very extraordinary circumstances. Here we find no order of the court, no consent of the parties, and no such circumstances as will justify a departure from the rule. A judge cannot act judicially upon the rights of parties after the parties in due course of proceeding have, both in law and in fact, been dismissed from the court."

The rule of practice thus quite peremptorily prescribed by the supreme court, and which, indeed, is but an enforcement of rule 80 before referred to, disposes of the application of the plaintiff in the case in hand to have a bill of exceptions settled and signed at this late day. To grant his application would establish a precedent in favor of negligence and inaction, and would be in clear violation of the existing rule of court, and the adjudication in *Muller* v. *Ehlers*.

Motion denied.