[Civil No. 278.   Filed April 18, 1890.]

[24 Pac. 257.]

## LEWIS WOLFLEY, Plaintiff and Appellee, v. GILA RIVER IRRIGATION COMPANY, Defendant and Appellant.

1. APPEAL AND ERROR—FAILURE TO FILE ASSIGNMENT OF ERRORS—EFFECT—REV. STATS. ARIZ. 1887, PAR. 940, CITED.—The effect of a failure to file any assignment of errors is to waive all errors not apparent upon the record, and which do not go to the foundation of the action.

2. SAME—SAME—APPELLATE COURT MAY AFFIRM OR DISMISS.—In the absence of an assignment the court may either affirm the judgment of the court below or dismiss the appeal.

3. SAME—SAME—PRACTICE—OBJECTION AT HEARING TREATED AS MO-
TION TO DISMISS.—The objection having been made by the ap-
pellee at the hearing of the case, this may be taken as a motion to
dismiss the appeal.

4. SAME—RECORD—OMISSIONS—STATEMENT OF FACTS—BILL OF EXCEP-
TIONS—TIME OF PRESENTATION.—Where there are numerous omis-
sions to comply with the statutory provisions regulating appeals,
no statement of facts, no bill of exceptions, preserved to the ruling
upon the motion for new trial, and nothing in the record to show
whether the bill of exceptions prepared, which was not settled till
ninety days after the trial, was presented within ten days after the
trial or filed within the term, the appeal will be dismissed.

APPEAL from a judgment of the District Court of the
Second Judicial District in and for the County of Maricopa.
William W. Porter, Judge. Appeal dismissed.

The facts are stated in the opinion.

H. N. Alexander, and Frank Cox, for Appellant.

Baker & Campbell, for Appellee.

Section 940, Revised Statutes of Arizona, provides: "The
appellant or plaintiff in error shall in all cases file with
the clerk of the court below an assignment of errors dis-
tinctly specifying the grounds on which he relies, before
he takes the transcript of the record from the clerk's office,
and a copy of such assignment of errors shall be attached
to and form a part of the record, and all errors not so
distinctly specified shall be considered as waived by the
supreme court." No assignment of errors appears in the
transcript. Any errors committed are therefore waived by
the appellant. The appellate court will not take upon it-
self the duty of examining the transcript for the purpose
of ascertaining whether error was committed in the court
below. *Brown* v. *Tullis*, 7 Cal. 398; *Gray* v. *Salt River
Valley Canal Co.*, 2 Ariz. 225, 12 Pac. 607. The judgment
should be affirmed.

In the appellant's transcript there appears what purports
to be a bill of exceptions. This cause was tried on the fifth
day of June, 1889. Defendant's bill of exceptions was pre-
pared, settled, and filed upon the sixth day of September,
1889, ninety days after the trial of the cause.

Section 828 of the Revised Statutes of Arizona provides that it shall be the duty of the party taking any bill of exceptions to reduce the same to writing and present the same to the judge for allowance during the term and within ten days after the conclusion of the trial. This the appellant has failed to do, and it has thereby waived any error occurring during the trial that it might have taken advantage of by bill of exceptions presented within the statutory time.

SLOAN, J.—An inspection of the record in this case shows that no assignment of errors has been filed. The case should be dismissed for the failure to comply with the plain provision of paragraph 940 of the Revised Statutes of 1887, which requires appellant to file with the clerk of the court below his assignment of errors. The effect of a failure to file any assignment of errors is to waive all errors not apparent upon the record, and which do not go to the foundation of the action. *Roy* v. *Bremond*, 22 Tex. 626; *Burns* v. *Wiley*, 35 Tex. 20; *Railroad Co.* v. *Scanlan*, 44 Tex. 649. In the absence of an assignment, the court may either affirm the judgment of the court below, or dismiss the appeal. *Dyer* v. *Dement*, 37 Tex. 431. The objection having been made by appellee at the hearing of the case, this may be taken as a motion to dismiss the appeal. *Chevallier* v. *Whitaker*, 8 Tex. 204.

Numerous other omissions to comply with the statutory provision regulating appeals are disclosed by the record. There is no statement of facts, nor anything purporting to be in the nature of a statement of facts. There is nothing but a minute entry of the clerk showing that the motion for a new trial was overruled, and no bill of exceptions was preserved to the ruling, if any there was. A bill of exceptions was prepared to a ruling of the court made during the trial, but was not settled until ninety days after the conclusion of the trial; but whether it was presented within ten days after the trial or filed during the term is not disclosed by the record. The appeal is dismissed.

Wright, C. J., and Kibbey, J., concurring.