[Civil No. 275.   Filed January 30, 1892.]

[29 Pac. 385.]

UNITED STATES OF AMERICA, Plaintiff and Appellant,
v. ZAN L. TIDBALL et al., Defendants and Appellees.

1. APPEAL AND ERROR—RECORD—ASSIGNMENTS OF ERROR—FAILURE TO
   FILE—REV. STATS. ARIZ. 1887, PAR. 940, CONSTRUED AND HELD
   MANDATORY.—Paragraph 940, *supra,* providing that the appellant
   shall file with the clerk of the court below an assignment of errors
   before he takes the transcript of the record from the clerk's office,
   is mandatory. An assignment of errors not so filed will not be
   considered as in the record.

2. PLEADING—SET-OFF AND COUNTERCLAIM—ACCOUNT—NECESSITY FOR
   PLEADING ITEMS—REV. STATS. ARIZ. 1887, PAR. 737, CONSTRUED.—
   Under statute, *supra,* providing that "the plea setting up such
   counterclaims shall state distinctly the nature and several items
   thereof, and shall conform to the ordinary rules of pleading,"
   no greater degree of particularity is required in setting forth the
   nature and various items of a claim when pleaded by way of set-
   off than when pleaded in a complaint.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Pima. Wil-
liam H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Harry R. Jeffords, United States District Attorney, for the
United States.

J. A. Zabriskie, Barnes & Martin, and Baker & Campbell,
for Appellees.

PER CURIAM.—It appears from the certificate of the
clerk of the district court, indorsed thereon, that the tran-
script filed in this case was on demand handed to the United
States attorney for Arizona, and by him taken from the
clerk's office on the 9th of September, 1889. The transcript,
as delivered, contained no assignment of errors, and it
also appears from the clerk's certificate that none had previ-
ously been filed. The United States attorney attempted to

supply the omission by filing with said district clerk an assignment of errors, on the thirty-first day of December, more than three months after delivery of the transcript. This assignment has been affixed to the transcript, with the clerk's certificate as to its filing in the court below. In paragraph 940 of the Revised Statutes it is provided that "the appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the ground on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to and form part of the record, and all errors not so distinctly specified shall be considered by the supreme court as waived." This court has not heretofore had occasion to pass upon the effect of a failure to file an assignment of errors as required by this statute. The statute is mandatory in its terms, and contains no exceptions. Apart, however, from the positive requirement of the statute, a consideration of the proper function of an assignment of errors, as well as the evident purpose in requiring its filing in the court below before the transcript is finally made up and delivered, leads us to the conclusion that, if it be not so filed, the omission may not be cured by a subsequent filing. An assignment of errors is designed to apprise not only the appellate court, but also the appellee or defendant in error, of the precise grounds of appeal, and in this it sustains much the same relation in the appellate court as that of the complaint in the court below. The requirement that it be filed with the clerk below is a wise one, if for no other reason than that it gives to the appellee or defendant in error an opportunity for its inspection before the transcript is finally completed and given to the appellant or plaintiff in error. We hold, therefore, that the provision of the statute requiring an assignment of errors to be filed with the clerk below before the delivery of the transcript must be strictly complied with, and, if not so filed, will not be considered as in the record.

This is a suit on a bond given by Zan L. Tidball to the United States as United States marshal for the territory of Arizona, and is brought by the United States against said Tidball and the sureties on said bond to recover the sum of $21,950.37, a balance alleged by the United States to be due

it on account of moneys placed in the hands of said Tidball as marshal for which he has failed to account. Appellees in their answer pleaded by way of set-off, and set up that, at and before the commencement of the action, the United States was indebted to said Tidball in the sum of twenty-two thousand dollars. They averred that of said amount of indebtedness the sum of twenty-one thousand dollars was due said Tidball on account of moneys advanced, and by him paid out for fees and expenses of marshal at the instance and request, and for the use and benefit, of the United States; that in like manner, and during said time, the sum of one thousand dollars of said indebtedness was due on account of miscellaneous expenses advanced and paid out by said Tidball at the instance and request, and for the use and benefit, of the said United States. They further averred that said Tidball, prior to the commencement of the action, had duly presented to the proper accounting officers of the treasury department a full statement of his said claim and account for allowance, accompanied with proper vouchers for all therefor, and that the whole thereof had been by said accounting officers disallowed upon said presentation. Appellant demurred to this answer and set-off, upon the ground that it did not state facts sufficient to constitute it a good defense to appellant's cause of action. The demurrer was by the court overruled. This ruling of the court, in the absence of an assignment of error, presents the only question for our consideration in the record. In the brief of counsel for appellant it is urged that this ruling of the court was error, and in support of this we are cited paragraph 737 of the Revised Statutes, which reads as follows: "The plea setting up such counterclaims shall state distinctly the nature and several items thereof, and shall conform to the ordinary rules of pleading." We do not understand that this statute requires any greater degree of particularity in setting forth the nature and various items constituting a claim pleaded by way of set-off than when pleaded in a complaint in an action based upon such claim. Both pleadings must alike, in their particulars, "conform to the ordinary rules of pleading." We think, if the same facts were set up in a complaint, they would, upon demurrer, properly be held to be sufficient statement of the cause of action. The evident na-

ture of Tidball's claim, made up, as it was, of numerous items, would, we think, relieve the pleader from the necessity of greater particularity than that stated. A bill of particulars would have afforded appellant such specific information as he desired if asked for, and would doubtless have been allowed. We therefore see no error in the ruling of the court upon the demurrer. The judgment of the court below is affirmed.

Gooding, C. J., Sloan, J., Kibbey, J., and Wells, J., concur.