[Civil No. 379.    Filed January 11, 1894.]

[36 Pac. 170.]

NAT HAWKE, Clerk of Board of Supervisors, et al., Defendants and Appellants, v. JAMES P. MCALLISTER, Plaintiff and Appellee.

1. APPEAL AND ERROR—BILL OF EXCEPTIONS—FAILURE TO FILE IN DUE TIME—LAWS ARIZ. 1893, ACT 9.—Where a case has been tried more than ten days before the end of the term, and the bill of exceptions has not been filed before the end of the term, it cannot be considered a part of the record. Statute, *supra.*

2. SAME—JURISDICTION—NOTICE OF APPEAL—BOND—DISMISSAL—FUNDAMENTAL ERROR—REV. STATS. ARIZ. 1887, PARS. 937, 945, CITED.— Where the bill of exceptions cannot be considered, a notice of appeal having been given and an appeal-bond having been executed, the appeal cannot be dismissed, but the court must examine the errors, if any, that go to the foundation of the action.

3. OFFICE AND OFFICERS—BOARD OF SUPERVISORS—MANDAMUS TO COMPEL OTHER MEMBERS TO RECOGNIZE DULY ELECTED SUPERVISOR— PLEADING—SUFFICIENCY OF COMPLAINT—REV. STATS. ARIZ. 1887, PARS. 2335, 2336, CITED.—An affidavit for a writ of *mandamus* setting forth in effect that plaintiff was a duly elected and qualified member of a board of supervisors, and had assumed his duties as such member, and that defendants, other members of the board, and the clerk refused to recognize him as such member, but passed a resolution declaring him not a member, and electing another to his place, and were preventing him from acting as such officer, and would continue to so prevent him from acting, states a cause of action. Rev. Stats., *supra,* cited.

SLOAN, J., concurring specially.

4. OFFICE AND OFFICERS—BOARD OF SUPERVISORS—POWER TO PASS ON ELIGIBILITY OF MEMBERS—DE FACTO MEMBERS—RIGHT TO WRIT OF MANDAMUS TO COMPEL ADMISSION TO OFFICE.—The board of supervisors have no power to pass upon the eligibility of its members. A *de facto* member is entitled to recognition as such by the other members and clerk of the board, and has a right to the writ of *mandamus* to compel such recognition.

.  APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Richard E. Sloan, Judge. Affirmed.

The facts are stated in the opinion.

William Herring, and F. J. Heney, for Appellants.

Allen R. English, and W. H. Stilwell, for Appellee.

ROUSE, J.—This case was tried and judgment rendered May 29, 1893. Motion for new trial was made and overruled on date of the judgment; a notice of appeal given, and bond on appeal executed, on same date of the judgment. The court adjourned the term on September 9, 1893, and on September 18, 1893, a bill of exceptions was delivered to the clerk by counsel for appellant; and two days thereafter the judge signed and settled said bill, against the objections of counsel for appellee.

The case having been tried more than ten days before the end of the term, and the bill of exceptions not having been filed before the end of the term, it cannot be considered as a part of the record. Laws 1893, act 9; *Hand* v. *Ruff*, 3 Ariz. 175, 24 Pac. 257; *Gila R. I. Co.* v. *Wolfley*, 3 Ariz. 176, 24 Pac. 257; *Sweet* v. *Perkins*, 24 Fed. 777; *Salt River Canal Co.* v. *Hickey, post,* p. 240, 36 Pac. 171. A notice of appeal having been given, and an appeal-bond having been executed, the appeal cannot be dismissed; but we are compelled to examine the record, and consider the errors, if any, that go to the foundation of the action. Rev. Stats., pars. 937, 945; *Rankert* v. *Clow*, 16 Tex. 9; *Hollingsworth* v. *Holshousen,* 17 Tex. 47; *Salt River Canal Co.* v. *Hickey, supra.* The only question thus presented is the decision of the court overruling the motion to dismiss the proceedings, which, in effect, was a demurer to the complaint on the grounds that it did not contain facts sufficient to constitute a cause of action.

On April 19, 1893, appellee, plaintiff below, presented his complaint in the form of an affidavit for a *mandamus* against appellants, defendants below, Nat Hawke, W. K. Perkins, E. A. Nichols, and Frank Hare, to compel them to do certain things enumerated. The facts set forth in said affidavit are

to the effect that, at the general election in 1890, Scott White was elected a supervisor of Cochise County for a term of four years, beginning January 1, 1891, and that he duly qualified, and entered upon the discharge of the duties of said office, and continued to discharge the duties of said office until about January 15, 1893; that at the general election in 1892 plaintiff and defendant Perkins were duly elected supervisors of said county for the term of two years, beginning January 1, 1893, and that they duly qualified, and entered upon the discharge of the duties thereof; that on the third day of January, 1893, said board of supervisors organized with White as chairman, and plaintiff and Perkins as members, and duly elected defendant Hawke clerk of said board; that plaintiff continued in the discharge of the duties of his said office until the ninth day of January, 1893; that about the date last mentioned, while plaintiff was in the discharge of the duties of said office, and anxious and willing to continue to do so, White and Perkins, without plaintiff's consent, passed a resolution declaring plaintiff not a member of said board, and proceeded to pass a resolution electing defendant E. A. Nichols a member of said board in place of plaintiff, and said Nichols from that time has been acting and attempting to act as a member of said board; that from the date last mentioned said White and Perkins, as members of said board, and said Hawke, as clerk of said board, refused to recognize plaintiff as a member of said board, but did recognize said Nichols as a member thereof instead and in the place of plaintiff; that thereafter, about the ——— day of January, 1893, White resigned as a member of said board, and qualified as sheriff of said county, to which office he had been elected at the general election in 1892; that on the twelfth day of January, 1893, said Perkins and Nichols attempted to appoint and elect Frank Hare as a member of said board of supervisors in the place of White, who had resigned; that said Hawke, from and after the date of his election as clerk of said board, and at this date, is the custodian of the records and books of the said board, and qualified to enter therein the proceedings of said board; that from and after the appointment of said Nichols the said White and Perkins and the said Hawke refused to recognize plaintiff as a member of said board, and refused to record his acts as a member thereof;

that after the resignation of said White, and the appointment of said Hare, the said parties refused to recognize plaintiff as a member of said board, and refused to record his acts as a member thereof, and still refuse to recognize him as a member and to record his acts as such. The affidavit further averred that said board of supervisors would meet at an early date thereafter, and that said parties would continue to refuse to allow plaintiff to act as a member of said board, and to record his acts as such.

The allegations contained in the said affidavit constituted a cause of action. Rev. Stats., pars. 2335, 2336. Indeed, it would be difficult to create a state of facts, if one should be permitted to choose his own materials for that purpose, to make a stronger case. An examination of the answer discloses the reasons for the actions of the defendants, which would otherwise be reprehensible. The judgment should be affirmed, and it is so ordered.

Hawkins, J., concurs.

Baker, C. J., did not take part in this case.

SLOAN, J.—While concurring, I deem it necessary, in order to more clearly present my views of the case, to add something to the foregoing opinion. The complaint shows that the plaintiff, whether eligible to the office of supervisor or not, received his certificate of election, and thereafter qualified under the law and assumed the duties of the office. He became thereby at least a *de facto* officer. The statutes do not confer upon the board of supervisors authority to pass upon the eligibility of its members, nor to declare a vacancy by reason of the ineligibility of any member. There was therefore no power in the remaining members of the board to declare a vacancy by reason of McAllister's ineligibility, and their act in electing Nichols to fill such assumed vacancy was utterly void. Such a void act could not operate to oust McAllister from his office. Nor did Nichols become by such act, and by the recognition of the other members of the board, a *de facto* supervisor. He was a mere usurper. McAllister still remained a *de facto* member of the board. If McAllister was the *de facto* officer, he was entitled to recognition as such by

the other members and by the clerk of the board, and had a right to the writ to compel such recognition. *In re Delgado,* 140 U. S. 586, 11 Sup. Ct. Rep. 874.