[Civil No. 413.  Filed January 16, 1894.]

[37 Pac. 470.]

D. S. THOMAS, Plaintiff and Appellant, v. J. M. LANE et al., Defendants and Appellees.

1. APPEAL AND ERROR—MOTION TO AFFIRM—WANT OF ASSIGNMENT OF ERRORS—REV. STATS. ARIZ. 1887, PAR. 940, AND PUTNAM V. PUTNAM, 3 ARIZ. 182, 24 PAC. 320; GILA R. I. CO. V. WOLFLEY, 3 ARIZ. 176, 24 PAC. 257; AND UNITED STATES V. TIDBALL, 3 ARIZ. 384, 29 PAC. 385, CITED AND FOLLOWED.—A motion to affirm the judgment of the lower court on the ground that there is no assignment of errors filed will be granted, no fundamental error, of which this court takes notice without a formal assignment of errors, appearing on the face of the record.  Statute, *supra,* and cases, *supra,* cited and followed.

DISMISSED, with costs, pursuant to the tenth rule.  41 L. Ed. 1177.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Pinal.  Owen T. Rouse, Judge.  Affirmed.

The facts are stated in the opinion.

Francis J. Heney, for Appellant.

W. R. Stone, and Kibbey & Israel, for Appellees.

Section 940 of the Civil Code (Rev. Stats. 1887) provides that in all cases the appellant or plaintiff in error shall file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, and all errors not so distinctly specified shall be considered by the supreme court as waived. This statute has been construed by this court in *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320; *Gila R. I. Co.* v. *Wolfley,* 3 Ariz. 176, 24 Pac. 257; and *United States* v. *Tidball,* 3 Ariz. 384, 29 Pac. 385. What is meant by fundamental error, of which this court will take notice without a formal assignment of errors, is that which goes to the jurisdiction of the court below, either of the person of the defendant or the subject-matter of the action, or such that would preclude the judgment plaintiff from a recovery at all. No such error appears in the record of this case.

HAWKINS, J.—Appellees moved to affirm the judgment for several reasons, viz.: 1. That there is no bill of exceptions filed; 2. No statement of facts filed; 3. No assignment of errors was filed. An examination of the record discloses the fact that no assignment of errors was filed. We do not think it necessary to examine as to the other defects. Paragraph 940 of the Revised Statutes of 1887 provides that in all cases the appellant or plaintiff in error shall file with the clerk of the court below an assignment of errors distinctly specifying the grounds on which he relies, and all errors not so distinctly specified shall be considered by the supreme court as waived. The statute is conclusive of the question, and has often been construed by this court. *Putnam* v. *Putnam,* 3 Ariz. 182, 24 Pac. 320; *Gila R. I. Co.* v. *Wolfley,* 3 Ariz. 176, 24 Pac. 257; *United States* v. *Tidball,* 3 Ariz. 384, 29 Pac. 385. No fundamental error of which this court takes notice without a formal assignment of errors appears on the face of the record. The court appears to have had jurisdiction of the subject-matter and of the parties to the action, and the pleadings warrant the judgment. The judgment is affirmed.

Baker, C. J., and Sloan, J., concur.