[Civil No. 378.   Filed March 8, 1894.]

[36 Pac. 918.]

## WILLIAM CHRISTY, Defendant and Appellant, v. DELOS ARNOLD, Plaintiff and Appellee.

1. APPEAL AND ERROR — ASSIGNMENTS OF ERROR — INSUFFICIENCY — MARKS v. NEWMARK, 3 ARIZ. 224, 28 PAC. 690, CITED—RULE ENTERED JANUARY TERM, 1893—WAIVER BY FAILURE TO OBJECT AND ARGUE.—Ordinarily, when assignments of error are too general, and are insufficient in that they fail to designate and specially point out any error in the record for our consideration, this court will be justified in affirming the judgment upon the ground that appellant has failed to comply with the decisions and rules of this court relating thereto. *Marks* v. *Newmark, supra,* and rule, *supra,* cited. But where no objection is made by appellee thereto, and the questions raised have been argued at length, the court is disposed to consider the questions as though they had been properly presented in the assignment of errors.

2. CONTRACT—CONVEYANCE OF LAND—EVIDENCE—DEFAULT OR RESCISSION—SALE TO THIRD PARTIES AND STATEMENT THAT CONTRACT IS FORFEITED SUFFICIENT EVIDENCE OF RESCISSION.—Plaintiff and defendant entered into a contract whereby defendant was to secure title to certain land and deed same to plaintiff for fourteen thousand dollars. Plaintiff was to pay two thousand five hundred dollars to defendant as part payment, which was duly paid, the balance to be paid when title was acquired and conveyed to plaintiff. Plaintiff stood ready to pay for a considerable time, and then urged defendant to sell his interest, as he did not wish to hold his money idle while defendant was procuring title. Later, when defendant had procured title, plaintiff asked defendant to sell the land or deed him a *pro rata* for the amount paid. This request defendant refused, but offered to take the two thousand five hundred dollars already paid, cancel the contract, and keep the land. Plaintiff asked for a few days to consider the proposition. This ended negotiations,

and two months later defendant sold the land to other parties. Plaintiff then wrote defendant that he had been informed that defendant claimed he had forfeited his contract, and protested he had not, to which defendant answered that he considered the contract forfeited from the time of the last negotiations. Under the evidence as stated, the case does not turn upon whether plaintiff or defendant was in default in carrying out the terms of their contract, but upon the question whether the contract was rescinded and by whom. The sale of the land by defendant, with his admission that he considered the contract forfeited, is sufficient evidence of a rescission by him.

3. SAME—SAME—FORFEITURES.—Where a contract does not contain any provision that the amount paid shall be held as a forfeit in case of default of the vendee in the completion of his contract, none can be enforced.

4. SAME—SAME—RESCISSION—RECOVERY OF MONEY PAID.—The effect of the rescission of the contract by defendant, even if plaintiff was in default, was to render the former liable for the return of the two thousand five hundred dollars received by him from the latter.

5. SAME — SAME — PLEADING — RECOUPMENT — REV. STATS. ARIZ. 1887, PARS. 736, 737, 742, CONSTRUED.—An answer to a complaint for the recovery of a part payment on a contract rescinded by defendant, averring that the part payment had profited defendant nothing, is not such a pleading as to entitle defendant to prove and be allowed damages as a set-off to plaintiff's demand, as the statutes, *supra*, require defendant to set up his counterclaim based on such damage, and state therein distinctly the nature of the damage sustained, so that the plaintiff can have "full notice of the character thereof."

6. COUNTERCLAIM—RECOUPMENT—REV. STATS. ARIZ. 1887, PARS. 736, 737, 742, CONSTRUED.—Counterclaim as used in statutes, *supra*, embraces recoupment.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

Cox & Street, E. J. Edwards, and J. F. Moriarty, for Appellant.

Thomas Armstrong, Jr., for Appellee.

Refusal to fulfill the contract must be absolute to be tantamount to an assent to its dissolution; and to authorize the other party to rescind it, such refusal must be in no way quali-

fied, and should substantially amount to an avowed determination of the party not to abide by the contract. *Fay* v. *Oliver,* 20 Vt. 718, 49 Am. Dec. 765.

Christy's action in selling the land to third parties is altogether inconsistent with a fulfillment of the contract on his part, and can be viewed in no other light than as a relinquishment by him of the contract, and puts beyond doubt Arnold's right to recover his money. *Gillett* v. *Maynard,* 5 Johns. 85, 4 Am. Dec. 328, approved in *Burton* v. *Driggs,* 20 Wall. 137.

A party desiring to rescind a contract must rescind *in toto* so as to place the adverse party in *statu quo. Evans* v. *Gale,* 17 N. H. 573, 43 Am. Dec. 614.

The appellant Christy, having elected to rescind the contract, was bound to return the money, particularly since the contract provided for the return, and no demand therefor by Arnold was necessary. *Drew* v. *Pedlar,* 87 Cal. 443, 22 Am. St. Rep. 257, 25 Pac. 749.

To defeat Arnold's recovery the appellant Christy should be ready and willing to perform his part of the contract. *Bradford* v. *Parkhurst,* 96 Cal. 102, 31 Am. St. Rep. 189, 30 Pac. 1106.

When a contract of sale and purchase of lands is abandoned or rescinded by the parties as in this case, the vendee, though in fault, may recover back installments paid, less the actual damage of the vendor occasioned by his breach of the contract. *Phelps* v. *Brown,* 95 Cal. 572, 30 Pac. 774.

And this doctrine applies as well to contracts providing for a forfeiture to vendor of such advance payments in the event of vendee's default. *Shively* v. *Lomi Tropic Land etc. Co.,* (Cal.) 33 Pac. 849.

How much more clear is Arnold's right to recover when there is not only no default on his part, but the contract itself provides for the return of the money paid by him?

SLOAN, J.—Ordinarily, this court would be justified in affirming the judgment in this case upon the ground that appellant has failed to comply with the decisions and rules of this court in reference to assignments of error. The assignments are too general, and are insufficient, in that they fail to designate and specifically point out any error in the record for our consideration. *Marks* v. *Newmark,* 3 Ariz. 224, 28

Pac. 960. See, also, rule of this court entered at January term, 1893. As no objection has been made by counsel for appellee to any of these assignments, and as he has at length argued the questions raised by counsel for appellant, we are likewise disposed to consider these questions as though they had been properly presented in the assignments of error.

The facts of the case are these: On May 21, 1887, the appellant, William Christy, who resides in the city of Phœnix, and the appellee, Delos Arnold, who resides in Pasadena, in the state of California, entered into a written agreement, of which the following is a copy:—

"This agreement between Wm. Christy of Phoenix, Arizona, and Delos Arnold of Pasadena, Calif., is as follows: Wm. Christy promises to pay all expenses, and patent Sec. 13, T. 2, N. R. 1 E. Gila and Salt River M. (said Sec. 13 being located about ten miles north from Phœnix, Arizona, in a N. W. direction), and deed the same to said Arnold for fourteen thousand dollars. On or before ninety days from this date, said Arnold promises to pay said Christy twenty-five hundred dollars as part payment on this contract. And if said Christy fails to get final papers and deed said lands to said Arnold, then said Christy is to return said Arnold the above-mentioned twenty-five hundred dollars. And it is further agreed that when the title to said Sec. 13 is acquired, and conveyed to said Arnold, then the said Arnold shall pay to the said Christy the final sum of eleven thousand five hundred dollars, and said Arnold is to be at no expense in procuring above title. May 21, '89. WM. CHRISTY. DELOS ARNOLD.

"Eight water-rights in the Arizona Canal to go with the above-described land, and are to be deeded to the land and become a part of the same. WM. CHRISTY."

It appears that the title to the land described in the contract was not, at the time of its execution, in Christy, but the same was desert land, held under the Desert Land Act, in the names of certain third persons. It appears, also, that, pursuant to the agreement, appellee, Arnold, in August, 1887, paid to appellant, Christy, twenty-five hundred dollars. The letters of the parties afford the evidence of their subsequent conduct relative to the contract. The substance of this correspondence only is important. On October 22, 1887, Christy wrote to Arnold that he would be ready to convey title to the

land after December 7th next ensuing, and that he would then
expect the balance to be paid by Arnold under the contract.
On December 3d Christy wrote to Arnold that, owing to fail-
ure to get the land ready for final proof by December 7th,
he had asked the land office to extend the time till December
22d.  On December 12th, Christy again wrote Arnold that a
readvertisement would be necessary before the final proof
could be taken, which would take five or six weeks' time.  On
December 17th, Arnold, in reply to Christy's letter of Decem-
ber 12th, wrote that he had made a special effort to get funds
to meet his payment under his contract, and disliked to have
his money lie idle, and suggested that Christy sell the land,
and thus relieve him from further care in relation thereto.
In reply to this letter, Christy, on December 21st, wrote that
January 27th had been set as the day for taking final proof,
and suggested that Arnold hold on under the contract.  On
December 27th Arnold again wrote Christy, urging the latter
to dispose of his interest in the land, as he did not ''want to
raise the funds again for that amount.''  In reply, Christy
wrote that final proof would be made by February 1st, and
final receipts would be issued by the last of February, at
which time he would expect the money due.  In the mean
time he would try to sell Arnold's interest for him.  Various
letters passed between the parties relative to the land after
February,—those of Christy for the most part excusing delay
in the procurement of title, and those of Arnold for the most
part urging Christy to sell his interest, and complaining of
difficulty in getting ready for payment when title could be
had.  Finally, on May 22, 1888, Christy wrote to Arnold that
he had received the certificates from the land office, and ask-
ing Arnold to come to Phœnix and adjust the matter to the
relief of both.  Christy, on June 1st, again wrote that he could
not buy back Arnold's interest under the contract, and again
urged the latter to come to Phœnix and settle the matter.  On
June 8th Arnold wrote asking Christy to sell the land, or
deed him a *pro rata* amount of the land, according to the
amount of money he had paid under the contract.  Christy
replied to this, declining the proposition of Arnold, and pro-
posing to take the twenty-five hundred dollars already paid,
cancel the contract, and keep the land.  On June 21st Arnold
wrote asking for a few days' time in which to consider the

latter proposition of Christy, and to correspond with parties in the east in relation to the matter. On July 16th Christy again wrote and renewed the proposition of June 16th. In reply Arnold wrote that he had not yet heard from the parties in the east, and would wait a few days and then determine what he would do. There was no further correspondence between the parties for some time after that. The testimony shows that Christy, on August 17, 1888, sold the land to the other parties. On February 20, 1889, Arnold wrote Christy that he had been informed that the latter claimed that he had forfeited his contract, and protested that he had not, and inquired if the information was true. In reply Christy wrote Arnold as follows: "Your favor 21 Feb. rec'd. Mr. McBride wrote me, and asked if you had forfeited your right to Sec. 13. I could not tell him anything else than what I did. I wrote you last May that I was ready to comply with the contract, and you replied that you could not raise the money. I then made you a proposition to deed it, and take a mortgage for $8,000, at 15 per cent., which you refused to do. I then wrote you that I would take the land and relieve you of the contract, which you never replied to. I considered the contract forfeited from that time, and so consider it now." This ended the correspondence. Arnold then brought this suit to recover the twenty-five hundred dollars paid by him to Christy under the contract. In his complaint Arnold alleges the execution of the contract, and the payment of the twenty-five hundred dollars under it, and that Christy had repudiated the contract, and without his consent canceled the same, and, although demanded so to do, had refused to return the money paid by him. Christy in his answer, after a general denial, pleaded a breach of the contract on the part of Arnold, and in addition pleaded "that the whole of the $2,500 received by him from said plaintiff was expended by him for plaintiff in making the arrangements aforesaid, by which plaintiff might have obtained title to the land; but, plaintiff failing as aforesaid to pay the balance of the money to obtain a title and the evidence thereof, he lost the benefit of such expenditure, and defendant was profited nothing thereby." The cause was tried by the court without the aid of a jury, and judgment rendered for plaintiff for the twenty-five hundred dollars, and costs of suit.

In reviewing the evidence, we are, of course, not called upon to weigh it for the purpose of determining its preponderance upon any disputed question. We are only concerned whether the judgment is supported by any reasonable conclusion of fact which may be gathered from it. As we view the law, this case does not turn upon the question, as counsel for appellant contend, whether Christy or Arnold was in default in carrying out the terms of their contract. Considering the contract in the light of the evidence, even if the case did so turn, we could not say that the default of Arnold rather than that of Christy is established with such clearness as that the judgment for that reason should be reversed. The case does, in our judgment, turn upon the question whether the contract was rescinded, and by whom. As to the latter question, the evidence does show that Christy, in the year 1888, sold the land to other parties. This might in itself have constituted a rescission. In addition, however, in his letter to Arnold of February 9, 1889, which we have given above, Christy states that he considered the contract "forfeited" from the date of his previous letter, and still so considered it. If his act in selling the land to other parties was evidence enough of a rescission, certainly his admission in his letter of February 9, 1889, makes that fact evident. It is also to be observed that the contract between the parties does not contain any provision which can possibly be construed as indicating that the twenty-five hundred dollars to be paid by Arnold was to be held as a forfeit by Christy in case of default of the former. Forfeitures are not favored in law, and in the absence of an express agreement none will be enforced. The rule, as laid down by Sutherland in his work on Damages (vol. 2, p. 232) is, that "on principle, if a contract is rescinded by the vendor, even for the vendee's default, the vendor should restore what he has received upon it; and this view is believed to be sustained by the weight of authority. Even if the contract shows that the parties intended that, on default of the vendee, all previous payments should be forfeited, and the contract declared void at the vendor's option, this intention should be disregarded for the same reasons that govern in other cases of penalties." We need not in this case go to the extent of holding with the learned author that, notwithstanding an express agreement, previous payments may

not be forfeited upon the default of the vendee and the re-
scission of the contract by the vendor, inasmuch as the con-
tract between the parties hereto contains no such agreement.
We need only hold that the effect of the rescission of the con-
tract by Christy, even if Arnold was in default, was to render
the former liable for the return of the twenty-five hundred
dollars received by him from the latter. *Shively* v. *Water
Co.,* 33 Pac. 848; *Cleary* v. *Folger,* 84 Cal. 316, 18 Am. St.
Rep. 187, 24 Pac. 280.

Assuming that Arnold was in default, unquestionably
Christy had the right to be made whole for any damage sus-
tained from such default. Without, however, some pleading
on the part of the defendant alleging such damage, he could
not be allowed any as a set-off in the suit to recover back the
money paid under the contract. He could have recouped such
damage, if any there was. The answer of the defendant aver-
ring that the receipt of the twenty-five hundred dollars had
profited him nothing was not such a pleading as entitled him
to prove and be allowed such damage as a set-off to plaintiff's
demand. Paragraph 736 of the Revised Statutes provides
that "whenever any suit shall be brought for the recovery of
any debt due by judgment, bond, bill, or otherwise, the de-
fendant shall be permitted to plead therein any counterclaim
which he may have against the plaintiff, subject to such limi-
tation as may be prescribed by law." Paragraph 737
provides that "the plea setting up such counterclaim shall dis-
tinctly state the nature and several items thereof and shall
conform to the ordinary rules of pleading." Paragraph 742
provides that "in every action in which the defendant shall
desire to prove any payment and counterclaim or set-off, he
shall file with his plea an account stating distinctly the nature
of such payment and counterclaim or set-off and the several
items thereof; and on failure to do so he shall not be entitled
to prove the same, unless it be so plainly and particularly
described in the plea as to give the plaintiff full notice of the
character thereof." If the reading of the above paragraphs
does not make it clear that the term "counterclaim" embraces
recoupment, Bliss (Code Pleading, sec. 370) is decisive on
that point. The defendant should under the statute have set
up his counterclaim based on such damage, and stated therein
distinctly the nature of the damage sustained, so that the

plaintiff could have had "full notice of the character thereof." It is not clear from the evidence that Christy suffered damages from Arnold's default, if the latter was in default; but had it appeared that he had suffered such damages, he could not under the pleadings as they stand have been allowed them in this action. We see no error in the judgment, and it is therefore affirmed.

Hawkins, J., concurs.

ROUSE, J.—I do not concur in the opinion in this case.