208 P.2d 312

**TRIPP v. CHUBB et al.**

No. 5054.

Supreme Court of Arizona.

July 11, 1949.

George Sterling, of Phoenix, for appellant.

Hill, Robert, Hill & Price, of Phoenix, for appellees.

GIBBONS, Superior Judge.

This is an action to dissolve an alleged partnership, for an accounting, and for a division of partnership property.

The complaint alleges that plaintiff (appellant) N. R. Tripp and defendants (appellees) Robert D. Chubb and Isabel Chubb, his wife, and Archie H. Chubb and Helen Chubb, his wife, entered into an oral agreement of copartnership under the name of "Professional Pharmacy" for the purpose of engaging in the general business of operating a drug store and pharmacy; that plaintiff, a registered pharmacist, was to contribute his experience and knowledge and prepare prescriptions; that the defendants were to contribute money to lease, equip, and stock said business; that plaintiff was to receive one third of the net profits and from said profits to repay to defendants one third of the capital invested by them; and that plaintiff was to have one third, Robert D. Chubb and wife one third, and Archie H. Chubb and wife one third interest in said partnership. In addition to said profits, plaintiff and defendants were to each receive $50 per week and to cooperate in the management of the business. That from October 28, 1945, to August 6, 1946, plaintiff, pursuant to said agreement, expended time and labor in the management and control of said pharmacy, and at no time was an accounting had, although plaintiff made demands therefor; and that defendants have assumed actual management and control thereof and converted and dealt with partnership assets as their own.

The answer sets forth an unsigned agreement prepared by the law firm of Hill, Robert and Hill at the alleged request of plaintiff and defendant Robert D. Chubb, which in substance provides: That the parties desire to form and operate a drug store and prescription pharmacy on East Monroe Street, Phoenix, Arizona; defend-

ants Helen Chubb and husband to finance the undertaking and the plaintiff and defendant Robert D. Chubb to have an option to purchase one-third interest each within two years from date at a cost of one third of the investment; plaintiff and Robert D. Chubb to each receive an agreed salary of $50 per week and one third of the profits, said profits to be applied on the purchase of an interest in the business, payments to be forfeited as consideration for option if buyer decided to abandon purchase before full payment. Contract also provides for an accounting every three months and recites that Helen Chubb and Archie H. Chubb are the sole owners and proprietors of the business until the full amount of one third is paid by either or both purchasers, and that the arrangement is not to be considered a partnership in any respect during the period of purchase.

The answer further alleges plaintiff and defendant Robert D. Chubb presented said agreement to Helen Chubb and husband who agreed to all terms therein, provided there be inserted a provision that plaintiff withdraw from the business if he continued drinking. This provision was not inserted and the contract was never executed The answer then alleges that the plaintiff was employed upon a straight salary of $50 per week and remained so employed until discharged, for drinking, in August, 1946. Defendants alleged that plaintiff had not contributed any capital; that the assets of the business did not exceed the contribu-

tions made by the defendants; and denied that plaintiff was entitled to any of the assets of the business.

At the conclusion of the trial the court entered judgment for the defendants and against the plaintiff finding that no partnership existed. Plaintiff has appealed and urges eleven assignments of error and an equal number of propositions of law, which for clarity and brevity may be summarized as follows: That the court erred (a) in finding that no partnership existed between plaintiff and defendants; (b) in denying plaintiff's motion to strike from the amended answer that portion which sets forth the purported unsigned agreement of the parties; (c) in calling defendants' attorney as a witness and admitting the attorney's file in evidence; and (d) in denying plaintiff an accounting, for the reason that even under defendants' theory of the case he was entitled to receive one third of the net profits. These matters will be discussed in the order named.

The only issue involved in this case is the existence or nonexistence of a partnership. The editors of American Jurisprudence in the treatment of the law of partnership, 40 Am.Jur., section 32, page 145, in discussing tests or indicia of partnership, state that the courts have encountered great difficulty in laying down tests by which to determine the existence or nonexistence of a partnership relation. They comment upon the fact that, while the reports are replete with cases applying different tests

and indicia to partnership relations, different conclusions have been reached even upon identical facts, with the result that the decisions are so conflicting on the subject that it is impossible to reconcile them. The editors also state that no one fact or circumstance can be taken as a conclusive test, nor indeed is it possible to state any number of facts that would in all cases be decisive of the existence of a partnership relation. In the last analysis the facts and circumstances of the individual case must control.

■ Where, as in this case, the rights of third parties are not involved, the question of the existence of a partnership depends upon the intention of the parties. That intention must be ascertained from all of the facts and circumstances and the action and conduct of the parties. Nicholson v. Kilbury, 83 Wash. 196, 145 P. 189; Constanti v. Barovic, 199 Wash. 117, 90 P.2d 724; Gaspar v. Buckingham, 116 Mont. 236, 153 P.2d 892; Stipcich v. Marinovich, 13 Wash.2d 155, 124 P.2d 215.

■ Each party insists that his theory of the case is supported by the evidence, and the briefs filed, in the main, are devoted to comments upon and quotation from the evidence adduced at the trial. Whether a partnership relation existed between the plaintiff and defendants depends upon their intention which the trial court necessarily ascertained by taking into account their actions and conduct, viewed in the light of all of the surrounding facts and circumstances. In other words there was to a great extent a fact situation for determination, rather than a legal question. The whole case depends upon whether the testimony supports a partnership agreement or a management contract with an option to buy. And it is principally upon this point that there is a conflict between the testimony of plaintiff and defendants. In fact, seven of the eleven assignments of error urge that the court failed to take into account, give proper weight to, or sufficient consideration of the evidence or designated portions of the evidence in support of plaintiff's case. The lower court was the trier of the facts and decided the disputed questions of fact in favor of the defendants, and we hold there is competent evidence in the record to support its finding and the judgment. In the case of Hillman v. Busselle, 66 Ariz. 139, 185 P.2d 311, 312, we said: "In reviewing the evidence it is beyond the proper scope of an appellate court to weigh it for the purpose of determining its preponderance upon disputed questions of fact. We are concerned only with whether facts do exist which might reasonably support the judgment, Christy v. Arnold, 4 Ariz. 263, 36 P. 918, and if they do it becomes our duty to see that the judgment is sustained. Maricopa County Municipal Water C. District No. 1 v. Roosevelt Irrigation Distict, 39 Ariz. 357, 6 P.2d 898."

■ It was not error for the court to deny plaintiff's motion to strike the un-

signed agreement from the amended answer. It is true this instrument had no binding force or effect, but if, as alleged, the plaintiff and Robert D. Chubb did request its preparation and thereafter present said agreement to Helen Chubb and Archie Chubb and request they sign it, then this instrument, with the surrounding circumstances as to its preparation, would be competent evidence as to the intent of the parties, and a proper matter of pleading in the case. The reasons why the contract was not signed would also be competent to assist in arriving at the ultimate intent and agreement of the parties.

The assignment of error relating to the court's calling defendant's attorney as a witness and admitting the attorney's file in evidence is without merit. Under our statutes and the decisions of this court a client who offers himself as a witness and voluntarily testifies to such communications is deemed to have waived the privilege and in effect consented to the examination of such attorney. Section 23-103, subdivision 6, Arizona Code Annotated 1939; Schornick v. Schornick, 25 Ariz. 563, 220 P. 397, 31 A.L.R. 159.

Plaintiff's contention that he was entitled to an accounting under the defendants' theory of the case is also untenable. The court found that there was no partnership, hence there could have been no partnership accounting. There is no basis for plaintiff's assertion that defendants' theory of the case was that plaintiff had an employment contract upon a fixed wage and a share of the profits. Defendants in rebutting the claim of partnership pleaded that the original negotiations were for an employment contract upon a stated weekly wage and profit sharing, but that this preliminary agreement was never consummated, and that the plaintiff eventually was employed on pure salary basis.

There was no factual basis for an accounting on the theory that plaintiff was employed on employment contract calling for a portion of the profits.

The judgment is affirmed.

LA PRADE, C. J., and UDALL, STANFORD and DE CONCINI, JJ., concur.

PHELPS, J., being disqualified, as he was the trial judge, the Honorable J. SMITH GIBBONS, Judge of the Superior Court of Apache County, was called to sit in his stead.