In re Larry Niels CRAMER, Martha Louise Cramer fna Martha Louise Natta, husband and wife, dba Ye Olde Tack Shoppe, Debtors.

**Bankruptcy No. 79–00821.**

United States Bankruptcy Court, D. Arizona.

March 6, 1980.

Gerard Anderson, Tucson, Ariz., for debtors.

Charles D. McCarty, Tucson, Ariz., for trustee.

### MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

The debtors filed a joint petition in bankruptcy under Chapter 7 of the Code on

October 4, 1979. The debtors did not claim a homestead exemption but in their Schedule B–4 claimed a "catch-all" federal exemption under 11 U.S.C. § 522(d)(5) of a $10,000.00 inventory of the business. The business conducted was a horse equipment retail sales shop. The business was started by a loan from a local bank and each of the debtors signed the bank's note. Each of the debtors at different periods of time worked at the business and withdrew moneys for their services, and each had an equal say in the management. Individual income tax returns as distinguished from partnership returns were filed for the years 1977–1978. Required licenses appeared in both names. Each of the parties had authority to sell a portion of the inventory or purchase new inventory.

The trustee timely filed an objection to the allowance of the "catch-all" federal exemption of the $10,000.00 of inventory on the grounds that this inventory was an asset of the partnership of the two debtors and was not community property.

■ It is clear that only an individual debtor is entitled to exempt property of the estate. See 11 U.S.C. § 522(b). The issue before the Court is whether or not the debtors operating a small mom and pop business were acting as a partnership or as a community entity under Arizona state law. The Code does not define a partnership. A review of House Report No. 95–595, p. 320, U.S.Code Cong. & Admin.News 1978, p. 5787, states that the determination of whether a husband and wife are acting as a partnership is left to the facts of each case and the applicable state law.

The Court does not believe that it can find a partnership by estoppel or an ostensible partnership because there is no third party liability here. *Collier* in Volume 1A (14th edition), para. 5.02 n.7 argued that under the prior Bankruptcy Act the partnership by estoppel was not a valid ground for finding that parties had acted as a partnership.

■ Even though in common law a married woman could not become a member of the partnership, we believe that under present Arizona law the husband and wife can act as a partnership. See Section 29–206(A), A.R.S. '56, defining a partnership as "an association of two or more persons to carry on as co-owners of a business for profit." Section 29–202(3) defines "person" to include "individuals, partnerships, corporations, and other associations" without distinguishing between married and unmarried individuals.

■ In reviewing the Arizona law, we find the following: "where . . . the rights of third parties are not involved, the question of the existence of a partnership depends upon the intention of the parties." *Tripp v. Chubb*, 69 Ariz. 31, 208 P.2d 312 (App.Ct. 1949). This case goes on to say that the requisite intention must be ascertained from all of the facts and circumstances and the actions and the conduct of the party . . . viewed in the light of all the surrounding facts and circumstances. Considering the testimony of the parties, we find that the number of the elements of a partnership are the same as community property. The business was started on a loan obtained from a bank and both parties signed the promissory note. Any increment in value would belong to both parties as community property. *Baum v. Baum*, 120 Ariz. 140, 584 P.2d 604 (App.Ct. 1978). The debtors agreed they were to share the net profits of the business but there was no evidence that either was the employee of the other. For a discussion of this element, see *Myrland v. Myrland*, 19 Ariz.App. 498, 508 P.2d 757 (1973). The fact that there is no formal partnership agreement is not determinative of the issue as the partnership may be formed by an oral agreement. *Johnson v. Hill*, 1 Ariz.App. 290, 402 P.2d 225 (Court of Appeals 1965).

The Arizona statutes provide that all property acquired during coverture except that acquired by gift, devise or descent is community property. Section 25–211 A.R.S. '56. See also *Mortenson v. Knight*, 81 Ariz. 325, 328, 305 P.2d 463 (S.Ct. 1956).

There appears to be one distinguishing factor between community property and as-

**430**

sets held by a partnership. In a partnership the non-contracting partners' separate property is liable for the obligations incurred in the business by a contracted partner under theory of agency. See 29–215, A.R.S. '56. In the community property relationship, the non-contracting spouse's separate property is not liable for the obligations incurred for the benefit of the community by the contracting spouse. See Section 25–215(D), A.R.S. '56.

There may well be another distinguishing factor in that in a partnership one partner may be able to convey real property while under the Arizona community property law both spouses must execute a conveyance. See 25–214(C), A.R.S. '56.

Neither of these principles help us in this situation as neither party had separate property nor did the partnership own any real property.

■ This Court believes that in a community property state such as Arizona, in order to find a partnership where spouses operate the business, and where the rights of a third party are not involved, there must be evidence that the spouses had the subjective intention to create a legal partnership. Certainly, a written or oral partnership agreement would be the best evidence. The Court can find no evidence to sustain a finding that the debtors intended to act as a partnership.

For the foregoing reasons, the trustee's objection to the claimed exemption of the debtors is denied. Debtors' attorney shall prepare an appropriate form of order. This memorandum opinion shall serve as findings of fact and conclusions of law under section 752, Rules of Bankruptcy Procedure.