[Civil No. 302.  Filed September 3, 1890.]

[28 Pac. 960, *sub nom.* Newmark *et al. v.* Marks.]

## SARAH MARKS, Plaintiff and Appellee, v. M. A. NEWMARK et al., Defendants and Appellants.

1. APPEAL AND ERROR—RECORD—RULINGS ON EVIDENCE—STATEMENT OF FACTS.—This court will not review rulings upon introduction of evidence where the statement of facts is not presented to the trial judge for allowance within the time prescribed for bills of exceptions.

2. SAME—SAME—SAME—BILL OF EXCEPTIONS—NECESSITY FOR.—Nor can it consider error alleged in the exclusion of evidence where there is no bill of exceptions preserved to the ruling complained of.

3. SAME—ASSIGNMENTS OF ERROR—MUST BE SPECIFIC.—An assignment that "the court erred in giving judgment for the plaintiff instead of defendants," is too general for consideration on appeal. Error must be pointed out specifically.

4. SAME—SAME—ERROR IN OVERRULING MOTION FOR NEW TRIAL—REFERENCE TO MOTION INSUFFICIENT.—An assignment of error that "the court erred in not granting defendants a new trial on grounds set forth in their motion for the same" is not sufficient, inasmuch as an inspection of the motion shows that, in addition to errors elsewhere assigned, it alleges the court erred "because the judgment is contrary to the law and against the weight of the evidence." It is not stated wherein the judgment is contrary to law.

5. SAME—SAME—REVIEW—EXTENT OF.—Under this specification the court may only examine the record to find whether the judgment follows the pleadings.

6. SAME—REVIEW—JUDGMENT WILL NOT BE DISTURBED WHERE THERE IS EVIDENCE TO SUPPORT IT.—It is for the trial court to determine the weight of the evidence. Its findings are not erroneous where there is evidence to support them.

APPEAL from a judgment of the District Court of the Second Judicial District in and for the County of Maricopa. William W. Porter, Judge. Affirmed.

The facts are stated in the opinion.

H. N. Alexander, and H. B. Lighthizer, for Appellants.

Goodrich & Street, for Appellee.

SLOAN, J.—This is an action to enjoin the sale of certain real estate situated in the city of Phœnix, under an execution issued upon a judgment recovered by appellants herein against Simon Marks, the husband of appellee. The property in question was conveyed by Guss Ellis & Co., in 1886, to the appellee, Sarah Marks, for a money consideration expressed in the deed. At the time of the conveyance appellee's husband, Simon Marks, the defendant in the execution proceeding, was engaged in the mercantile business in said city of Phœnix. Subsequently he failed, and on the twenty-fourth day of May, 1887, appellants obtained judgment against him, upon which execution was duly issued and placed in the hands of the sheriff, and by him levied upon said real estate. Whereupon plaintiff brought this suit, claiming said property to be her separate estate, and not subject to the debts of her husband, and asking for a perpetual injunction staying the sale under execution. The court below found for the plaintiff, and granted a perpetual injunction restraining the appellants from in any manner proceeding against said real estate in satisfaction of said judgment against her said husband, Simon Marks. Appellants moved for a new trial, which was denied, and from this ruling this appeal is brought.

The first two assignments of error relied upon by appellants as grounds for a reversal of the judgment of the court below are as follows: 1. "That the court erred in admitting irrelevant, incompetent, and hearsay evidence on the part of the plaintiff, as disclosed by the statement of facts;" and 2. "That the court erred in excluding as evidence the proceedings supplementary to execution in the case of *Newmark* v. *Marks*, including report of referee, and the order of court affirming same, offered by the defendants." The first assignment invites us to a search through the record for the purpose of discovering errors committed by the court in its rulings upon the introduction of evidence in the trial of the case below, and particularly that part of the record which is contained in the statement of facts. While we might possibly have been disposed to perform this labor for counsel, we cannot in this instance examine the statement of facts for any such purpose, inasmuch as it lacks the character of a

Arizona 3—15

bill of exceptions in one essential particular, viz., in that it was not presented to the trial judge for his allowance within the time prescribed by statute for bills of exception. *Putnam v. Putnam, ante,* p. 182, 24 Pac. 321. Nor can we consider the second assignment, inasmuch as no bill of exceptions was preserved to the ruling of the court complained of.

The third assignment is altogether too general in its character for consideration. Appellants should have specifically pointed out wherein "the court erred in giving judgment for the plaintiff instead of the defendants."

Nor does the fourth and last assignment, which reads as follows: "The court erred in not granting defendants a new trial on grounds set forth in their motion for the same,"— meet the requirement of a proper assignment of error, inasmuch as it simply refers us to the ruling of the court upon the motion for a new trial, and an inspection of the motion shows that, in addition to the errors complained of in the other assignments, it is therein alleged that the court erred "because the judgment is contrary to the law and against the weight of evidence." It is not stated wherein the judgment is contrary to law.

We find, however, from an inspection of the record that the judgment follows the pleadings, and that is as far as we may examine the record under this specification.

As to the weight of the evidence, that was a matter for the trial court to determine. In his judgment the evidence was sufficient to establish the claim of the respondent that the property in controversy was her separate property, and we see nothing in the statement of facts showing fundamental error in this finding of the court, as there is evidence to support it.

The judgment is affirmed.

Gooding, C. J., and Kibbey, J., concur.

### ON MOTION FOR REHEARING.
(January 26, 1892.)

PER CURIAM.—Action to enjoin sale of certain real estate situate in the city of Phœnix, in this territory, under an execution issued upon a judgment recovered by appellants

against Simon Marks, the husband of the appellee. The case was decided in this court on the third day of September, 1890, and judgment of affirmance rendered on that day. Petition for rehearing was made and filed on the eighteenth day of the same month. We have looked into the record with the purpose of examining the whole case. Without discussing in detail the points raised by the motion for a new trial, and covered by the assignment of errors, we arrive at the conclusion that a different result would not be reached by a further consideration of the case, and see no reason why the judgment of affirmance heretofore rendered should be set aside. A rehearing is therefore denied.