UNION CASH REGISTER CO. *vs.* PETER JOHN.

Submitted on briefs April 5, 1892. Decided May 5, 1892.

**Objection to Evidence.**—An objection to testimony *held* not specific enough to raise the point that the testimony would contradict or vary a written contract.

**Assignment of Error.**—An assignment of error that "the evidence does not sustain the findings of fact" is insufficient.

Appeal by plaintiff, Union Cash Register Company, from an order of the Municipal Court of the city of Minneapolis, *Twohy*, J., made September 19, 1891, denying it a new trial.

Action by Union Cash Register Company against Peter John to recover $40, part of the purchase price of a Cash Register which he ordered sent to him from its factory. His answer was that plaintiff warranted the Register to be as good in all respects as any Cash Register in the market; a breach of this warranty; and a subsequent
v.49M.—31

agreement between them that plaintiff should take it back, and release defendant from paying for it.    The trial was had July 23, 1891, before the court, without a jury.    The court found that, after testing the machine, defendant was not satisfied with it, and the parties mutually rescinded the contract.    Plaintiff moved the court for a new trial, and, being denied, it appealed, and here assigned as one error :

*Fifth.* The evidence does not sustain the findings of fact.

*James D. Shearer*, for appellant.

*W. W. Dunn*, for respondent.

GILFILLAN, C. J.  The only objection that can fairly be suggested to the testimony specified in the first, third, and fourth assignments of error, to wit, that it would contradict or vary the written contract between the parties, (assuming the order introduced in evidence to be a contract,) was not expressed in the objections made at the trial. The general objections that the testimony was incompetent, irrelevant, and immaterial and inadmissible under the pleadings would not necessarily present to the mind of the court the proposition that the testimony tended to contradict or vary the written evidence already introduced, and that it was for that reason objected to.   But, even were the objection sufficiently explicit, so that the court erred in overruling it, the error would be immaterial, in view of the fact found, that the parties mutually rescinded the contract, the testimony objected to not being directed to proof of that fact, but to proof only of a warranty when the contract of sale was made.

The fifth assignment of error will not be considered, because it does not attempt to comply with the rule which requires an assignment that a finding of fact is not sustained by evidence to "specify particularly the finding complained of."   An assignment that "the evidence does not sustain the findings of fact," thus covering several findings, is not a compliance with the rule.

Order affirmed.