[Civil No. 746.   Filed March 21, 1901.]

[64 Pac. 434.]

## J. M. WARD, Plaintiff and Appellant, v. MOSES H. SHERMAN et al., Defendants and Appellees.

1. APPEAL AND ERROR—ASSIGNMENT OF ERRORS—MUST BE SPECIFIC—
   MARKS v. NEWMARK, 3 ARIZ. 224, 28 PAC. 960; CHRISTY v.
   ARNOLD, 4 ARIZ. 263, 36 PAC. 918; MAIN v. MAIN, ANTE, P. 149,
   60 PAC. 888, FOLLOWED—SUPREME COURT RULES 3 AND 6 CITED.—
   Under supreme court rules Nos. 3 and 6, requiring that a specifi-
   cation of the errors relied upon must be particularly and separately
   stated, and that all assignments of errors must distinctly specify
   each ground of error relied upon and the particular ruling com-
   plained of, appellant's assignment of errors stating that the court
   erred in admitting evidence and in rejecting evidence, that
   the evidence did not sustain the judgment, finding, or verdict,
   and that the judgment was contrary to the law and evidence, is
   too general and indefinite for consideration, and, no error appear-
   ing upon the face of the record, the judgment must be affirmed.
   REVERSED.   192 U. S. 168; 48 L. Ed. 391.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. Webster Street, Judge.   Affirmed.

Kibbey & Edwards, and E. J. Edwards, for Appellant.

C. F. Ainsworth, Frank Cox, and C. N. Sterry, for Appellees.

PER CURIAM.—The brief of the appellant in this case contains the following assignment of errors: "(1) The court erred in admitting evidence adduced by the defendant.   (2) The court erred in rejecting evidence offered by the plaintiff. (3) The evidence does not sustain the judgment, findings, or verdict of the court.   (4) The evidence does not sustain the findings of the court.   (5) The judgment of the court is con- trary to the law.   (6) The judgment of the court is contrary to the evidence."   The rules of this court (rule 3, 4 Ariz. ix, 35 Pac. vi) require "a specification of the errors relied upon, particularly and separately stated, setting out each error asserted and intended to be urged.   When the error

alleged is to the admission or the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected. . . . When the error alleged is to the finding of the court, the specification shall allege the finding, and a sufficient statement of the evidence that is pertinent thereto as will make clear the reasons for or against the finding.'' It is further prescribed (rule 6, 4 Ariz. xi, 35 Pac. vii) that ''all assignments of errors must distinctly specify each ground of error relied upon, and the particular ruling complained of. . . . An objection to the ruling or action of the court below will be deemed waived here, unless it has been assigned as error, in the manner above provided.'' There is objection made by counsel for the appellee to the consideration of the assignment of errors in this case on the ground that the same does not conform to the requirements of the statute and the rules of the court. The objection is well founded. The errors assigned are but general and indefinite. They point us to nothing specific, and utterly fail to comply with the express provision of our rules. This court is an appellate one, and the prime object of these rules is the designation of specified errors, in order that the court and opposite counsel may be clearly informed of what particular ruling or action below is relied upon for the reversal or modification of the judgment. An assignment which does not distinctly point out these matters,—one which compels the court and counsel to look further, and to search the brief and record, in order to discover them,—entirely fails to accomplish the purpose of its being. Not one of the errors here alleged is sufficiently specific to be entitled to consideration. General assignments, substantially in the form here presented, have been condemned and held insufficient under the former decisions of this court, and likewise by other courts operating under similar rules. *Marks* v. *Newmark,* 3 Ariz. 224, 28 Pac. 960; *Christy* v. *Arnold,* 4 Ariz. 263, 36 Pac. 918; *Main* v. *Main, ante,* p. 149, 60 Pac. 888; *Treat* v. *Jemison,* 20 Wall. 652, 22 L. Ed. 449; *United States* v. *Indian Grave Drainage Dist.,* 29 C. C. A. 578, 85 Fed. 928; *Louisiana, A. and M. R. Co.* v. *Board of Levee Commrs.,* 31 C. C. A. 121, 87 Fed. 594; *Chandler* v. *Pomeroy,* 37 C. C. A. 430, 96 Fed. 156; *Percy Mining Co.* v. *Hallam,* 22 Colo. 233, 44 Pac. 509; *Schofield* v. *Territory,* 9 N. M. 256, 56 Pac. 306. The rules relating to assign-

ments and specifications of error have been so long in force, and we have so often decided that a failure to make proper assignments amounts to a waiver of all errors which are not fundamental, that it would seem there should be no longer occasion for disregard of these plain requirements. In the absence of any assignment of error in this case, and none appearing upon the face of the record, the judgment must be affirmed.