[Civil No. 1040. Filed March 27, 1908.]

[94 Pac. 1094.]

GEORGE HARDIKER, Plaintiff and Appellant, v. BEN RICE, Defendant and Appellee.

1. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.—Assignments of error that the court erred in the admission and rejection of evidence by appellant offered, duly excepted to, and in the reception of evidence over his objection duly excepted to, because certain of the findings of the fact are inconsistent with, and not based upon, any evidence offered in the trial of the said action; because the findings of the fact do not cover any questions submitted to the trial court by which evidence and proof was offered; because, under the findings of the fact as made, the conclusion has been in favor of the contestants and against the contestee, whereas they are made and entered in favor of the contestee and against contestant; because the evidence is insufficient to sustain certain findings of the fact as made; because the evidence, taken altogether, does not sustain the judgment rendered; because from the whole record and findings of the fact made from evidence the judgment of the court should have been in favor of the appellant and against the appellee, whereas it was by trial court rendered thereon in favor of the appellee and against appellant—are not sufficiently specific to be reviewed in the appellate court, not complying with the rules relating thereto.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

XI Ariz.—26

D. L. Cunningham, and Geo. B. Watson, for Appellant.

E. E. Ellinwood, and A. C. Lockwood, for Appellee.

PER CURIAM.—The appellant has made the following assignment of errors: First, in the admission and rejection of evidence by him offered, duly excepted to, and in the reception of evidence over his objection, duly excepted to; second, because certain of the findings of fact are inconsistent with, and not based upon any, evidence offered in the trial of said action; third, because the findings of fact do not cover certain questions submitted to the trial court about which evidence and proof was offered; fourth, because, under the findings of fact as made, the conclusions of law should have been in favor of the contestant and against the contestee, whereas they were made and entered in favor of the contestee, and against the contestant; fifth, because the evidence is insufficient to sustain certain findings of fact as made; sixth, because the evidence, taken altogether, does not sustain the judgment rendered; seventh, because upon the whole record and findings of fact made and evidence the judgment of the court should have been in favor of appellant and against appellee, whereas it was by the trial court rendered thereon in favor of appellee and against appellant.

The appellee makes objection that the errors assigned are all general and indefinite. The objection is well founded. The assignments of error are not sufficiently specific to enable us to review them, and are of the same character as those which we have in repeated decisions of this court refused to consider. The rules relating to assignments and specifications of error have been so long in force, and we have so often decided that a failure to make proper assignments amounts to a waiver of all errors which are not fundamental, that it would seem there should be no longer occasion for disregard to these plain requirements. Rules Supreme Court, 8 Ariz. iv; *Marks* v. *Newmark*, 3 Ariz. 224, 28 Pac. 960; *Christy* v. *Arnold*, 4 Ariz. 263, 36 Pac. 918; *Ward* v. *Sherman*, 7 Ariz. 277, 64 Pac. 434; *Charbouleau* v. *Shields*, 9 Ariz. 73, 76 Pac. 821; *Daniel* v. *Gallagher*, ante, p. 151, 89 Pac. 412; *Prescott Nat. Bank* v. *Head*, ante, p. 213, 90 Pac. 328; *Liberty Mining & Smelting Co.* v. *Geddes*, ante, p. 54, 90 Pac. 332.

No fundamental error appearing upon the face of the record, the judgment of the district court is affirmed.