[Civil No. 1326.    Filed January 14, 1914.]

[137 Pac. 868.]

In the Matter of the Estate of JOSEPH M. SCARRY, Deceased. WM. H. SCARRY, Appellant, v. S. E. EPLER, Appellee.

1. JUDGMENT—RES JUDICATA—PROBATE PROCEEDINGS.—A judgment on an application for the appointment of an administrator, that decedent was a resident of the county at the time of his death, and left property within the territory, was *res judicata* on such question in a subsequent action for specific performance of a contract executed by the decedent, as to a party who appeared and contested the appointment of the administrator on the specific ground that deceased was a nonresident, and owned no property in the territory.

2. APPEAL AND ERROR—FINDINGS—EVIDENCE.—Findings on conflicting evidence will not be disturbed on appeal in the absence of some prejudicial error in rulings on evidence.

3. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.—Assignments of error complaining merely that the court erred in admitting evidence over objection, and in rejecting evidence offered, and that the judgment is contrary to the law and the evidence, not being in conformity with supreme court rule 8, subd. 1 (14 Ariz. lxiii, 126 Pac. xi), requiring that assignments distinctly specify each ground of error relied on and the particular ruling complained of, were insufficient.

APPEAL from a judgment of the Superior Court of the County of Yuma. Frank Baxter, Judge. Modified and remanded.

The facts are stated in the opinion.

Mr. Fred L. Ingraham and Mr. Clement H. Coleman, for Appellant.

Messrs. Kibbey, Bennett & Bennett, for Appellee.

ROSS, J.—Action by appellee, Epler, against the administrator of the estate of Joseph M. Scarry, deceased. It is an action for specific performance of a contract of sale of land situate in Yuma county, Arizona, and is prosecuted by appellee, under the provisions of chapter 9, title 17, Revised Statutes of Arizona of 1901, which provide for the administrator's carrying out, under orders and decrees of the probate court, the contracts in writing of the deceased to convey real estate. At the hearing in the probate court, Wm. H. Scarry, appellant, brother of the deceased, appeared and contested the petition of appellee. The probate court entered judgment directing the administrator to execute proper conveyance of land to appellee. From this judgment, an appeal was prosecuted to the superior court of Yuma county. In that court appellant filed pleadings in which he objected to the jurisdiction of the probate court, for the reason that Joseph M. Scarry, at the time of his death, was not a resident of Yuma county, and left no property within the territory of Arizona; objected to the enforcement of the contract on the grounds of inadequacy of price, and as being grossly unfair, unjust and inequitable, for indefinite and unintelligible description, mental incompetency of deceased; and further alleged that Joseph M. Scarry, during his lifetime, had conveyed by warranty deed all of said real estate to appellant.

The question of jurisdiction was finally settled and determined, in our opinion, in another case which arose on the appointment of the administrator. Upon the hearing of the application for the appointment of the administrator, the appellant appeared and contested the appointment on the specific grounds that deceased, at the time of his death, was a nonresident, and owned no property in the territory. The probate court found against him, and he appealed to the district court of Yuma county, which court affirmed the judgment of the probate court. That judgment was not appealed from, and became final. It is *res adjudicata* of that question.

The court found all the other issues raised by appellant against him, and ordered the administrator to convey land to appellee upon the latter's performing the conditions of the contract of sale. Unless the court committed some prejudicial error in the admission or rejection of material evidence the

findings being based upon conflicting evidence, we do not feel that we should disturb the findings.

The rule is that this court will presume that trial court correctly found the facts where there was "substantial legal evidence upon which it may be seen that the findings of fact in question, aided by every reasonable inference, could, with reason, have been based." 3 Cyc. 308.

While appellant contends that error was committed in the admission and rejection of evidence, he has wholly failed to properly assign such errors. His assignments in that regard are: (1) That the court erred in admitting evidence offered by petitioner over objection of appellant; (2) the court erred in rejecting evidence offered by appellant; (3) that the judgment is contrary to the law; and (4) that the judgment is contrary to the evidence.

These assignments do not conform with rule 8, subdivision 1, of this court (14 Ariz. lxiii, 126 Pac. xi) in failing "distinctly to specify each ground of error relied upon, and the *particular ruling complained* of." This court has frequently held such assignments insufficient. *Main* v. *Main,* 7 Ariz. 149, 60 Pac. 888; *Wiser* v. *Lawler,* 7 Ariz. 163, 62 Pac. 695; *Ward* v. *Sherman,* 7 Ariz. 277, 64 Pac. 434; *Charbouleau* v. *Shields,* 9 Ariz. 73, 76 Pac. 821.

The other assignments question the sufficiency of the evidence to support the findings, and as above stated we will not disturb the findings of the trial court.

The judgment of the trial court was that the administrator execute a deed of premises containing 150 acres, more or less, upon the payment by appellee to said administrator of the sum of $25 per acre of said lands.

The judgment should have been that appellee pay to the administrator $3,750—that is to say, $300, without interest, $1,150, with seven per cent interest from August 1, 1908, for two years, $1,150, with like interest from August 1, 1908, for three years, and $1,150, with like interest for four years from August 1, 1908—and, upon the payment and receipt of all such sums, the administrator execute his deed as such administrator to the appellee; the appellee failing to make such payment within thirty days from entry of judgment, his contract of option to be held for naught and canceled.

Remanded, with directions to enter judgment in accordance herewith.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

Application for rehearing denied.