[Civil No. 1569.  Filed November 8, 1917.]

[168 Pac. 640.]

## FRANK WOOTAN, Appellant, v. DAN A. ROTEN, Appellee.

APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.—Under Civil Code of 1913, paragraph 1231, making it the duty of the court, upon appeal from final judgment, to review all orders and rulings made by the court below which are assigned as error, assignments of error, except fundamental ones, although indicating the rulings complained of, will not be noticed, where not specifying the ground of error, further than stating for "the reasons hereinafter stated in the argument on" such assignment of error, in view of rule 8, subdivision 1, providing that "all assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of."

[As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.]

APPEAL from a judgment of the Superior Court of the county of Graham.  A. G. McAlister, Judge.  Affirmed.

Mr. John C. Gung'l, for Appellant.

Mr. E. L. Spriggs, for Appellee.

ROSS, J.—The appellant in his brief presents to this court his grievances in the following form:

"Assignments of Errors.

"I.  The court erred in overruling the defendant's demurrer for the reasons stated hereafter in the argument on first assignment of error.

"II.  The court erred in denying defendant's motion for judgment for the reasons stated hereafter in the argument on second assignment of error.

"III.  The court erred in granting judgment to the plaintiff for reasons stated hereafter under argument on third assignment of error."

The law makes it the duty of this court, upon an appeal from the final judgment, to review all orders and rulings made by the court below *which are assigned as error.*  Paragraph 1231, Civil Code.  There is no obligation or disposition, how-

ever, upon the part of the court to notice orders or rulings
for errors, except fundamental ones, unless error is predi-
cated upon them by proper assignment.   Subdivision 1, rule
8, of the rules of this court, provides that:

"All assignments of errors must distinctly specify each
ground of error relied upon, and the particular ruling com-
plained of."

In the above specifications of error the appellant indicates
the particular ruling complained of, but he does not in any
way point out or specify any ground of error in such ruling.
He states no fact that would advise the court or opposing
counsel what he intends to insist upon as the error committed
in the trial.   He predicates his complaint upon no issuable
fact; he states no "ground of error relied upon."   Corpus
Juris, in speaking of the nature and object of assignments of
error, says:

"An assignment of error in appellate procedure is an enu-
meration by the appellant . . . of the errors alleged to have
been committed by the court below in the trial of the case
upon which he seeks to obtain a reversal of the judgment or
decree.   It is in the nature of a pleading, and it performs
in the appellate court the same office as a declaration or com-
plaint in a court of original jurisdiction. . . . Its object is
to point out the specific errors claimed to have been committed
by the court below, in order to enable the reviewing court and
opposing counsel to see on what points appellant . . . intends
to ask reversal of the judgment or decree, and to limit dis-
cussion to those points."   3 C. J. 1321, § 1461.

The Arizona decisions are in harmony with the above-quoted
text.   *United States* v. *Tidball,* 3 Ariz. 384, 29 Pac. 385.

It is not the purpose of this court to lay down a rule re-
quiring the appellant to state the causes of error that he relies
upon with complete fullness and accuracy, but we cannot per-
mit a total disregard of the statutory provision or the rules
of the court requiring an assignment of errors.   If an at-
tempt to state the error complained of is made, though it be
imperfectly stated, we conceive it to be our duty to try to
search out its meaning, with a view of giving the appellant
the benefit of a review by this court of the question; but
where, as in this case, the error complained of is secreted
away in "the reasons stated hereafter in the argument," then
we do not feel like "hunting for the needle in the haystack."

In many cases, reference to the argument, as suggested, we dare say, would not relieve the situation of doubt and conjecture as to the particular error complained of. The rule requiring an assignment of errors is not complied with, if it be necessary for the court to search through the printed argument in appellant's brief, in order to find out what the error complained of is. While we will be indulgent and liberal, to the end that those having, or believing that they have, grievances, may be heard, we must insist that a bona fide and reasonably intelligent effort to comply with the rules be manifest.

What we have said does not cover fundamental errors. If such errors appear in the record, and in any manner whatever are brought to the court's attention, they will be considered. We have carefully examined into the record, and, finding no fundamental error, we conclude the judgment of the lower court should be affirmed.

We also assumed a burden, not incumbent upon us, in the absence of proper assignment of errors, of searching the record for errors prejudicial to the rights of appellant, with the result that none was found.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.