[Civil No. 2028. Filed October 17, 1922.]

[209 Pac. 714.]

COUNTY OF PINAL, Appellant, v. G. M. HEINER, Trading as the "SUPERIOR SUN," Appellee.

1. APPEAL AND ERROR—COURT NOT EMPOWERED TO SUSTAIN INSUFFI-
CIENT ASSIGNMENTS PROPERLY QUESTIONED, MERELY BECAUSE SUP-
PLEMENTAL BRIEF WAS NOT FILED.—Under Civil Code of 1913,
paragraph 1262, and Supreme Court Rule 7, subdivision 7, pro-
viding that, on notice of objections to assignments, appellant may
amend, and, in case of failure to amend or if the court deems
the assignments insufficient, it shall require appellant to file supple-
mental brief, the court is not relieved of passing on assignments
nor empowered to sustain insufficient assignments properly ques-
tioned, merely because a supplemental brief was not filed or
ordered filed.

2. APPEAL AND ERROR—APPELLANT MUST AMEND ASSIGNMENTS UPON
PROPER OBJECTION WITHOUT WAITING FOR COURT'S ORDER.—Under
Civil Code of 1913, paragraph 1262, and Supreme Court Rule 7,
subdivision 7, providing that, upon notice of objections to assign-
ments, appellant may amend, the court will determine the suffi-
ciency of assignments properly objected to on final disposition of
the case, and appellant, seeing merit in the objections, must amend
without waiting for the court's order, since the court regards
failure to amend as indicating appellant is satisfied with his
assignments.

3. APPEAL AND ERROR—ASSIGNMENTS HELD INSUFFICIENT AS NOT DIS-
TINCTLY SPECIFYING ERROR.—Assignments do not comply with Su-
preme Court Rule 12, subdivision 1, providing that all assignments
must distinctly specify each ground of error, where the assign-

ments merely specify that the evidence is insufficient to support the judgment; that the judgment is contrary to law; and that the judgment is contrary to both law and evidence.

4. APPEAL AND ERROR — INSUFFICIENT ASSIGNMENTS NOT REQUIRED WITH FULLNESS, BUT ARE NOT AIDED BY ARGUMENT IN BRIEF.— Insufficient assignments, while not required to state the error with complete fullness, are not cured because grounds relied on appear in the argument, nor can the assignment be aided by specifications in the brief or reference to record or motion for new trial.

5. APPEAL AND ERROR—ASSIGNED RULINGS ON FINDINGS OF FACT NOT STATED WITH PARTICULARITY NOT CONSIDERED ON APPEAL.—Appellant, wishing to object to findings of fact, must state fully in his assignment the particular ruling complained of, or his objections will not be considered on appeal.

6. APPEAL AND ERROR — SUPREME COURT LIMITED TO FUNDAMENTAL ERROR, WHERE ASSIGNMENTS ARE INSUFFICIENT.—On insufficient assignments, the Supreme Court is limited to examining the record for fundamental error, which, not appearing, may warrant affirmance of trial judgment.

7. NEWSPAPERS—PAPER HELD OFFICIAL FOR PUBLISHING NOTICE OF INCREASED ASSESSMENTS.—Where a contract for publishing county supervisors' proceedings was, under Civil Code of 1913, paragraph 2424, awarded to one newspaper, and a contract for notice, of increased assessments, required by .paragraph 4882, was awarded to another newspaper, the latter paper could, as the official county newspaper, publish such notices.

8. NEWSPAPERS—NEWSPAPER CONTRACT FOR PUBLISHING LEGAL NOTICES HELD BINDING, THOUGH NOT FORMALLY EXECUTED IN WRITING.— A contract for publishing county legal notices awarded to a newspaper under Civil Code 1913, paragraph 2424, though not formally executed in writing, was fully binding, in the absence of statute to the contrary, where the county retained the newspaper's check submitted with bid and otherwise the parties recognized the contract until a controversy arose over the county's failure to allow certain publications.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Affirmed.

Mr. W. J. Galbraith, Attorney General, Mr. George R. Hill, Assistant Attorney General, and Mr. E. P. Patterson, County Attorney, for Appellant.

Mr. George P. Stovall and Mr. E. L. Green, for 'Appellee.

McALISTER, J.—This is an action by G. M. Heiner as publisher of the "Superior Sun," a weekly newspaper published at Superior, Arizona, against Pinal county, this state, for the recovery of $1,011.60, the loss of which he alleges he suffered as a result of the latter's failure to comply with a contract for certain county printing, and from a judgment for him defendant appeals.

On February 27, 1922, appellant filed and served upon appellee its brief, assigning the following errors:

"I. That the evidence is insufficient to support the judgment.

"II. That the judgment is contrary to law.

"III. That the judgment is contrary to both the law and the evidence."

On March 2d, afterwards, appellee served on appellant a written notice of his objections to these assignments reading thus:

"That the assignments do not distinctly specify each ground of error, or the particular ruling complained of. That the assignments are general, and do not point out specifically in what the error consists, or wherein it occurred. That the assignments do not state wherein the judgment is contrary to law, and do not state wherein the judgment is contrary to the evidence. That the assignments and each of them are vague, uncertain, indefinite, insufficient, general and each ground of error is not separately and distinctly stated."

The assignments were not amended, though paragraph 1262, Civil Code of 1913, as well as subdivision 7 of rule VII of the rules of this court, provides that within ten days after the service of notice of objections to the assignments of error appellant may amend them, and—

"in case of failure to amend such assignments of error, or in case the court deems the assignments

insufficient to present the matters involved, it shall require the appellant to file and serve a supplemental brief amending such assignments of error within such time and upon such terms as the court may prescribe.''

Appellee objects to the consideration by this court of any of the matters attempted to be raised by appellant's brief because of the alleged insufficiency of the assignments to present them, and prays for an affirmance of the judgment upon this ground. The assignments themselves, considered in the light of the objections to them, determine their sufficiency, for the language quoted from paragraph 1262 does not relieve this court from the duty of passing on them, whether sufficient or insufficient, nor empower it to sustain them if insufficient, when their sufficiency has been properly questioned, merely because a supplemental brief has not been filed nor ordered filed. It was not intended by this provision that an appellant could file insufficient assignments and, if objected to, wait until the court orders him, either because of his failure to amend or because it deems them insufficient to present the matters involved, to file a supplemental brief amending them. When properly questioned he should re-examine his assignments if not already sure of his ground, and ascertain whether the objections are well founded, and, if they are, amend, whether ordered to do so by this court or not, but, if unfounded, naturally amendment becomes unnecessary.

Hence failure to amend indicates that he is satisfied with their sufficiency, and not that he is waiting until ordered by this court to file his supplemental brief containing amended assignments, for it has been the practice of this court, since the enactment of paragraph 1262, to determine the sufficiency of assignments of error, when properly objected to,

upon final disposition of the case, rather than to order the filing of a supplemental brief amending them. It is natural, therefore, to assume that amendments would be made without waiting for an order of this court, if it were felt by appellant that there was merit in the objections, because it must be clear to the bar that this court cannot depart from its practice in this particular and take upon itself the burden of investigating, upon its own initiative, the record of a case for the mere purpose of advising whether the assignments are sufficient. To do so would frequently call for a knowledge of the case as thorough and complete as that required to dispose of it finally, and the court has not the time to gain this previous to taking up the cause for final action. Besides the matter is not called to this court's attention prior to the submission of the cause, and, even if it were, we think the practice which has thus far prevailed should continue.

Whether the judgment should be affirmed or reversed, therefore, depends entirely upon the sufficiency of the assignments considered in connection with the objections. Under rule XII, subdivision 1, of the rules of this court, it is provided that "all assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of." These assignments do not comply with this requirement. To say that the evidence is insufficient to support the judgment, that the judgment is contrary to the law, or that the judgment is contrary to the law and the evidence, is to say that the judgment is not correct without pointing out in what respect this is true. The rulings complained of are no more definite, certain, or specific than the broad statement that the judgment is wrong would be, for no one of the assignments discloses what par-

ticular action of the court appellant had in mind as its basis, and—

"The object of these provisions" (rules relating to assignments of error), "as we have had occasion to say before, is the designation of specified errors, in order that the court and opposite counsel may be clearly informed of whatever particular ruling or action below is relied upon for the reversal or modification of the judgment. A proper observance of the statute and rules relating to assignments of error is so essential to the preservation and protection of the rights of litigants before this court that their plain requirements are again brought to the notice of the bar." *Charouleau* v. *Shields & Price,* 9 Ariz. 73, 76 Pac. 821.

It has been held by this court on a number of occasions that assignments of this character are insufficient to raise or present for review any ruling of the trial court. *Smith* v. *Arizona Engineering Co.,* 21 Ariz. 624, 193 Pac. 303; *Brought* v. *Minor,* 17 Ariz. 28, 148 Pac. 294; *Landers* v. *Joerger,* 15 Ariz. 480, 140 Pac. 209; *Estate of Scarry,* 15 Ariz. 246, 137 Pac. 868; *Main* v. *Main,* 7 Ariz. 149, 60 Pac. 888; *Ward* v. *Sherman,* 7 Ariz. 277, 64 Pac. 434; *Wiser* v. *Lawler,* 7 Ariz. 163, 62 Pac. 695; *Sherman* v. *Goodwin,* 11 Ariz. 141, 89 Pac. 517; *Wootan* v. *Roten,* 19 Ariz. 235, 168 Pac. 640.

Neither is the defect cured by the fact that the rulings complained of, or grounds relied on, appear in the argument under the various assignments, because these should be so nearly complete in themselves as not to require a resort to other sources of information to determine what is intended to be presented by them. Hence, an assignment "cannot be aided by statements or specifications in the briefs, by reference to the record, or by reference to a motion for a new trial" (3 C. J. 1398), though it is not required that an assignment state the causes of error

relied upon with complete fullness and accuracy. In *Wootan* v. *Roten, supra,* it appeared in each assignment that the court erred in the ruling complained of "for the reasons stated hereafter in the argument" and in condemning this attempt to supply by argument a defect in the assignments, the court said:

"It is not the purpose of this court to lay down a rule requiring the appellant to state the causes of error that he relies upon with complete fullness and accuracy, but we cannot permit a total disregard of the statutory provision or the rules of the court requiring an assignment of errors. If an attempt to state the error complained of is made, though it be imperfectly stated, we conceive it to be our duty to try to search out its meaning, with a view of giving the appellant the benefit of a review by this court of the question; but where, as in this case, the error complained of is secreted away in 'the reasons stated hereafter in the argument,' then we do not feel like 'hunting for the needle in the haystack.' In many cases, reference to the argument, as suggested, we dare say, would not relieve the situation of doubt and conjecture as to the particular error complained of. The rule requiring an assignment of errors is not complied with, if it be necessary for the court to search through the printed argument in appellant's brief, in order to find out what the error complained of is. While we will be indulgent and liberal, to the end that those having, or believing that they have, grievances, may be heard, we must insist that a *bona fide* and reasonably intelligent effort to comply with the rules be manifest."

The trial court made findings of fact whose correctness in no particular is challenged by the assignments, either directly or indirectly. Neither of the broad statements, that the "evidence is insufficient to support the judgment," or that the "judgment is contrary to the evidence," can be regarded as an attack upon them. An assignment in the exact language of the first of these two, except that the words

"of the court" were added, as well as others stating that the court erred in its findings of fact, and that the findings of fact and the conclusions of law are not supported by the evidence, was condemned by this court in *Daniel* v. *Gallagher,* 11 Ariz. 151, 89 Pac. 412, as not being sufficiently specific to enable the court to review it.   See *Los Angeles & Arizona Land Co.* v. *Marr,* 187 Cal. 126, 200 Pac. 1051; *Union Cash Register Co.* v. *John,* 49 Minn. 481, 52 N. W. 48; 3 C. J. 1381, 1382.   If, in the view of any appellant, one or more of the findings is not justified by the evidence, and he wants it or them reviewed, it is necessary for him to point out in his assignment or assignments the particular ruling or rulings complained of, with sufficient fullness that the "court and opposing counsel may be clearly informed" as to what he relies upon for reversal, otherwise his objections to the findings will not be considered on appeal.   *Andrade* v. *Andrade,* 14 Ariz. 379, 128 Pac. 813.

It follows, therefore, that the court's duty is limited to an examination of the record for fundamental error.   If this be disclosed it should be considered; otherwise the judgment should be affirmed.   *Wootan* v. *Roten, supra.*

It appears from the findings that the county printing for 1920 was awarded as follows, the lowest and best bidder in each instance being the successful one: For publishing the proceedings of the board of supervisors, to the "Arizona Blade-Tribune"; for publishing all other legal notices required by law to be published, including the notice of increased assessments, to the "Superior Sun"; that the contract between appellant and appellee relating to said printing was evidenced only by the minutes of the board of supervisors, no instrument in writing having been executed by them, but that, until the summer of 1920,

when the question of printing the notice of increased
assessments arose, both parties treated the relation
between themselves as a contractual one and operated
under it, the certified check of appellee having been
retained by appellant as a guarantee of his fulfill-
ment of his undertaking; that appellant failed to
carry out and perform its portion of this contract
by delivering to appellee for printing and publishing
in the "Superior Sun" the notice of increased assess-
ments for 1920, but that, if said notice had been so
delivered and appellee permitted to publish the same
in accordance with the terms of his agreement, he
would have made a profit thereon in the sum of
$1,011.60.

It was the view of the trial court that the statute
contemplates that all public printing should be
awarded to one newspaper, but that the award to the
"Superior Sun" of the contract for "all advertising
and publications and printing ordered made by the
board of supervisors" constituted it, as much so as
the award to the "Arizona Blade-Tribune" of the
publishing of the minutes of the board made it, an
official newspaper for the year 1920, under the pro-
visions of paragraph 2424, Revised Statutes of 1913,
reading as follows:

"2424. The contract shall be made with the lowest
responsible bidder; and to him shall be given there-
after during the existence of the contract all ad-
vertising and publications and printing ordered made
by the board of supervisors upon the terms and con-
ditions of the contract. The paper of such advertis-
ing may be referred to as the official paper of the
county; provided, that no bid shall be considered by
the board of supervisors in excess of the statutory
rates for such work."

Regardless of the official status of the "Blade-
Tribune," during the year 1920, however, it is clear
that the "Superior Sun," because of its contract for

"all advertising and publications and printing ordered made by the board of supervisors," was properly referred to by virtue of this paragraph as the official newspaper of the county for that year, and as such could legally have published the notice of increased assessments for 1920.    Paragraph 4882, Rev. Stats. 1913. And the fact that the contract was not formally executed by the parties in a separate and distinct writing but was evidenced only by the records and minutes of the board of supervisors did not render it any the less binding, in view of the fact that there is no statute requiring it to be evidenced otherwise, that both parties lived up to it in all particulars as entered into and operated under it, without objection from any source, until the question of printing and publishing the notice of increased assessments arose, some time in the summer of 1920, and that appellee's certified check was allowed to remain on file as a cash bond to guarantee that he would perform his part of it. And, if the intention of the board, both when it called for bids and later accepted appellee's, was to reduce the contract to writing and have the parties sign it, this requirement was unquestionably waived by both sides treating it as complete and operating under it, notwithstanding the failure to execute it as contemplated.

No fundamental error appearing, the judgment is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.