[Criminal No. 805.   Filed June 5, 1934.]

[33 Pac. (2d) 280.]

ROBERT DeMILLE, Appellant, v. STATE, Respond-
ent.

Mr. H. L. Russell and Mr. F. M. Gold, for Appellant.

Mr. Arthur T. La Prade, Attorney General, Mr. John Francis Connor, Assistant Attorney General, and Mr. H. K. Mangum, County Attorney, for the State.

LOCKWOOD, J.—This is an appeal from the judgment of the superior court upon a verdict finding the defendant guilty of the crime of robbery.

There are some fourteen assignments of error, which read as follows:

"Assignment No. 1. That the Court misdirected the jury as to the law.

"Assignment No. 2. That the Court erred in giving each and every instruction given by the Court of its own motion.

"Assignment No. 3. That the Court erred in giving each and every instruction requested by the prosecution and thereafter given by the Court to the jury.

"Assignment No. 4. That the Court erred in modifying each and every instruction requested by the Defendant and thereafter given to the jury as modified.

"Assignment No. 5. That the Court erred in refusing each and every instruction requested by the Defendant and thereafter refused by the Court and not given to the jury.

"Assignment No. 6. That the Court erred in each and every decision adverse to the Defendant during the course of the trial.

"Assignment No. 7. That the Court erred in each and every decision in favor of the prosecution during the course of the trial.

"Assignment No. 8. That the Court erred in the decision on questions of law arising during the course of the trial in every case where objections were interposed by the Defendant to the introduction of testimony and evidence were overruled by the Court.

"Assignment No. 9. That the Court erred in every decision on questions of law arising during the course of the trial in every case where objections were interposed by the prosecution to the introduction of evidence and testimony by the Defendant and the objection sustained.

"Assignment No. 10. That the Court erred in each and every decision on questions of law arising during the course of the trial where motions were made by the Defendant to strike out certain testimony and the motion denied.

"Assignment No. 11. That the Court erred in each and every decision on questions of law arising during the course of the trial where motion to strike out testimony was made by the prosecution and the motion granted.

"Assignment No. 12. When the State rested that the Court erred in overruling the motion of defendant for an instructed verdict in behalf of the Defendant.

"Assignment No. 13. That the verdict was contrary to law.

"Assignment No. 14. That the verdict was contrary to the evidence."

Rule XII of this Court reads as follows:

"Rule XII. Assignment of Error.

"1. All assignments of error must distinctly specify each ground of error relied upon and the particular ruling complained of. If the particular ruling complained of has been embodied in a motion for new trial, with other rulings, or in any motion, or in a bill of exceptions, or in a statement of facts, or otherwise in the record, it must nevertheless be referred to in the assignment of errors, or it will be deemed to be waived.

"2. If the assignment of error be that the court overruled a motion for new trial and the motion is based on more than one ground the same will not be considered as distinct and specific by this Court unless each ground is specially and distinctly stated in the assignment of errors.

"3. Any objection to the ruling or action of the court below will be deemed waived in this Court unless it has been assigned as error in the manner above provided.

"4. If the assignment of error be to the giving of instructions to the jury by the lower court, the appellant must state specifically wherein the instruction complained of is erroneous in its statement of the law applicable to the case, or to any particular fact or facts therein.

"5. If the refusal to give an instruction asked for by appellant in the court below be assigned as error, the assignment must state the applicability of such instruction to the fact or facts of the case."

These rules, of course, have the same force and effect as statutes.

It will be seen upon an examination of the assignments of error that they are utterly insufficient, under the rule, to point out the particular error complained of, with the possible exception of assignment No. 14. We have repeatedly passed upon the effect of rules and statutes like rule XII above quoted, and have held that they must be complied with, and that general assignments of error such as are set forth above are insufficient, and under such circumstances the record will be examined only for fundamental error. *Federico* v. *Hancock,* 1 Ariz. 511, 25 Pac. 650; *Marks* v. *Newmark,* 3 Ariz. 224, 28 Pac. 960; *Daggs* v. *Phoenix National Bank,* 5 Ariz. 409, 53 Pac. 201; *Sanford* v. *Ainsa,* 13 Ariz. 287, 114 Pac. 560; *Daniel* v. *Gallagher,* 11 Ariz. 151, 89 Pac. 412; *Liberty Mining & Smelting Co.* v. *Geddes,* 11 Ariz. 54, 90 Pac. 332; *Hardiker* v. *Rice,* 11 Ariz. 401, 94 Pac. 1094; *In re Scarry Estate,* 15 Ariz. 246, 137 Pac. 868; *Wootan* v. *Roten,* 19 Ariz. 235, 168 Pac. 640. Nor is a failure to assign error properly cured by a reference to specifications or argument contained in the brief. *Wootan* v. *Roten, supra; Pinal County* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714.

We have always been liberal in the construction of rule XII, and wherever there was a genuine and honest attempt to point out the specific error relied upon, even though it was somewhat indefinite or informal in its nature, we have considered it. But the assignments above set forth amount to no more than saying that the court erred in every ruling in favor of the state and against the defendant. We are, in substance, requested to comb the record to see if we cannot find therein some error which requires a reversal of the judgment of the trial court.

For the foregoing reasons we consider only the fourteenth assignment of error, and the question as to whether fundamental error appears on the face of the record. We have read the transcript of evidence and find that the verdict was not contrary to the evidence appearing therein. The information states a public offense, and nothing appears on the face of the record to show that the defendant was not tried, convicted and sentenced according to the fundamental rules of law.

The judgment is therefore affirmed.

ROSS, C. J., and McALISTER, J., concur.