[Criminal No. 847. Filed March 1, 1937.]

[65 Pac. (2d) 658.]

FLORENCE BEEBE, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. V. L. Hash, for Appellant.

Mr. Joe Conway, Attorney General, Mr. W. E. Polley, Assistant Attorney General, and Mr. Harry Johnson, County Attorney, for Respondent.

McALISTER, C. J.—Florence Beebe was convicted of driving an automobile on the public highway of the State of Arizona while under the influence of intoxicating liquor and sentenced to a term of not less than thirty days in the Maricopa county jail. From this judgment, she appeals.

In examining the brief for the purpose of ascertaining the ground of appeal we find that it contains a statement of the proceedings had and an argument but no assignments of error or propositions of law, as required by rule XII of the rules of this court. There was not even an effort to comply with this rule by making assignments general in nature, as it is sometimes mistakenly done, but there is an entire absence of any assignments at all. It should not be overlooked that an assignment of error is virtually a pleading in the appellate court and performs there the same office a complaint does in the court having original jurisdiction. Its sole purpose is to point out the specific errors appellant claims the trial court committed so that the appellate court and counsel on the opposite side may know upon what particular points he relies for a reversal of the judgment and the appeal confined to a consideration of these. 3 C. J. 1328, par. 1461; *Wootan* v. *Roten,* 19 Ariz. 235, 168 Pac. 640; *Pinal County* v. *Heiner,* 24 Ariz. 346, 209 Pac. 714. Where appellant has failed to make assignments this court is not called upon to study or sift other portions of the brief to ascertain if the trial court did in fact commit error requiring a reversal of the case. *Wootan* v. *Roten, supra.* Our duty in such a situation is limited to an investigation of the record sufficiently to determine whether it discloses fundamental error. The fact that the appeal is in a criminal action is immaterial, the rule being just as applicable as though the

court were reviewing the judgment in a civil cause. *DeMille* v. *State*, 43 Ariz. 551, 33 Pac. (2d) 280.

For the purpose of ascertaining if the record contains fundamental error, we have examined it fully and find that the information properly charges the appellant with driving an automobile on the public highway of this state in Maricopa county, that the evidence in support of the charge was ample for that purpose and that the instructions of the court were proper. These facts appearing, it is clear that there was no fundamental error and that it is the duty of this court to affirm the judgment.

It is so ordered.

ROSS and LOCKWOOD, JJ., concur.